In re the MARRIAGE OF Edward
Leonard SPEARS and Kari
Ellen Spears.

Edward Leonard Spears, Petitioner–
Respondent,

v.

Kari Ellen Spears, Respondent–
Appellant.

No. 22063.

Missouri Court of Appeals,
Southern District,
Division Two.

May 26, 1999.

Motion for Rehearing or Transfer
Denied June 11, 1999.

Edward Leonard Spears, pro se.

Valerie A. Batchelder, Crosby & Cantin, P.C., Springfield, for Respondent.

Before SHRUM, P.J., GARRISON, C.J., and BARNEY, J.

PER CURIAM.

This is an appeal by Kari Ellen Spears ("Wife") from an amended judgment and decree of dissolution of marriage. Edward Leonard Spears ("Husband") filed a petition for dissolution of marriage; Wife filed a timely answer to that petition; and the case was heard by the trial court one week later, at which time both parties appeared with counsel. At that hearing, both parties identified a "DR–1" form (Summary of Marital and Non–Marital Property and Liabilities) which they had jointly filled out,

together with a designation of which party they thought should receive each item of property listed. Wife testified that she could think of no other property of a "substantial nature" not reflected in the "DR–1," and that it was her desire for the court to distribute the property as indicated in that document. The trial court thereafter entered a judgment, but a copy of that judgment is not filed with the record on this appeal. Wife, at some date not reflected in the record, filed a motion to set aside the judgment, alleging that the judgment was unjust and unconscionable, resulting in a manifest injustice to her; that the portions of the judgment relating to child support, visitation and property distribution were erroneous; and that the "Property Settlement and Separation Agreement" resulted from Husband's fraud, misrepresentation and misconduct. That motion, a copy of which is not included in the record on appeal,[1] was subsequently heard by the trial court, and the amended judgment from which this appeal is taken was entered. We are unable to discern the differences between the original judgment and the amended judgment because, as indicated, the original judgment is not included in the record filed with this court. The amended judgment, however, contained a list of the property distributed to each of the parties, awarded joint legal custody of the two children born of the marriage with Wife as primary custodian, awarded child support to be paid to Wife, and reflected that neither party sought nor was awarded maintenance. Wife appeals.

Husband filed a motion to dismiss this appeal based, in part, on the failure of Wife's brief to comply with Rule 84.04 [2] in various particulars, and he makes an extensive argument on that basis in his brief. First, he contends that Wife's statement of facts is violative of Rule 84.04(c) which requires that it be a fair and concise

---

1. The above general description of the allegations of the motion is taken from language in the amended judgment.

2. All rule references are to Missouri Rules of Civil Procedure (1998) unless otherwise indicated.

statement of the facts relevant to the questions presented for determination without argument. In particular, he points out that Wife's statement of facts is, in many instances, conclusory, argumentative and deletes any reference to facts which are unfavorable to Wife's position. Our review of Wife's statement of facts supports Husband's contentions. As this court said in *Haynes Family Corp. v. Dean Properties, Inc.*, 923 S.W.2d 465, 466–67 (Mo.App. S.D. 1996), "[t]he purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case," and "[v]iolations of Rule 84.04(c) constitute grounds for dismissal of an appeal." In *Vodicka v. Upjohn Co.*, 869 S.W.2d 258, 263 (Mo.App. S.D.1994), this court said that a statement of facts which emphasizes facts favorable to the appellant and omits facts essential to the respondent does not substantially comply with Rule 84.04(c). Likewise, Rule 84.04(c) specifies that the statement of facts shall be "without argument." Finally, a statement of facts that opts for conclusions rather than an accurate statement of the facts leaves a reviewing court with no intelligent understanding of the facts. *Vodicka*, 869 S.W.2d at 264.

 Husband also directs our attention to the points relied on in Wife's brief. At the time Wife filed her brief, Rule 84.04(d) required that a point relied on "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder." [3] That Rule was interpreted in *Thummel v. King*, 570 S.W.2d 679, 684–87 (Mo. banc 1978), as requiring a specification of why the specified ruling was erroneous, which contemplates a statement which ordinarily will approximate what the appellant believes should have been the trial court's conclusion of law on the point being addressed, and an explanation of wherein the testimony or evidence gives rise to the ruling for which appellant contends. As provided in Rule 84.04(d), how-

ever, setting out only abstract statements of law without showing how they are related to any action or ruling of the court does not constitute compliance with the Rule.

In the instant case, each of Wife's points relied on violates the provisions of Rule 84.04(d) in effect at that time. Those points are:

### Point One

The trial court erred in distributing the marital assets between the parties inequitably and without consideration of the statutory factors of Mo.Rev.Stat. § 452.330 because the distribution is against the weight of the evidence and without evidence to support it in that [Husband's] testimony, as demonstrated through inconsistencies between his testimony and the documentary evidence presented, was not worthy of belief and not credible, and the distribution of the assets was based upon his discredited testimony and not in consideration of the factors required by Missouri law.

### Point Two

The trial court erred in entering judgment purporting to dispose of the marital assets of the parties because the evidence presented at the September 18, 1997, hearing demonstrated that a complete dispersal of all the marital properties belonging to the parties has not been accomplished in that the list of itemized marital property presented at the hearing contains items still not distributed, and requires reconsideration of an equitable apportionment in light of all of the marital assets before a fair judgment can be rendered.

### Point Three

The trial court erred in its distribution of marital assets because the distribution was inequitable, was based upon testimony unworthy of belief, and was in disregard of the testimony and evidence

---

**3.** Rule 84.04(d) was amended effective January 1, 1999.

of [Wife] in that when taken as a whole, [Wife's] testimony raises serious questions concerning the fair distribution of the assets and the inflation of the value of the property she received which required a full trial on the issues.

### Point Four

The trial court erred in failing or refusing to make adequate arrangements concerning tax liabilities arising from the distribution of marital property because the decree makes no mention of the tax consequences, although it should have, in that the evidence conclusively established that [Husband] accepted all tax liabilities and consequences due to the distribution of marital property.

Each point contains abstract statements of law and fails to state "wherein" and "why" the trial court's ruling was erroneous.

██ Furthermore, Wife cites no authority in support of Points Two, Three and Four. With regard to Point One, she cites one case which does not stand as authority for her contention in that point. It is an appellant's obligation to cite appropriate and available precedent if she expects to prevail. *Thummel,* 570 S.W.2d at 687. If no authority is available, an explanation should be made for the absence of citations. *Id.* Where, as here, the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss the appeal. *Shiyr v. Pinckney,* 896 S.W.2d 69, 71 (Mo.App. S.D.1995).

██ An appellate court is not to become an advocate for a party to an appeal. *Thummel,* 570 S.W.2d at 686. If it did so, it would be unfair to other parties. *Id.* This is true even where, as here, the appellant appears *pro se.* The general rule is that *pro se* parties are bound by the same rules as lawyers and are entitled to no tolerances they would not receive if represented by counsel. *Shiyr,* 896 S.W.2d. at 71. Were we to attempt to decide this appeal on the merits, not only would we have to ignore the requirements of Rule 84.04, which all appellants are required to follow, but we would also necessarily have to become an advocate for Wife. We cannot do so.

Based on the matters discussed above, this appeal is dismissed. Husband's motion for sanctions is denied.