Steven JENKINS, Appellant,

v.

MANPOWER ON SITE AT PROCTOR AND GAMBLE, Defendant,

Division of Employment Security, Respondent.

No. WD 61901.

Missouri Court of Appeals, Western District.

June 17, 2003.

---

Steven Jenkins, Mounds, IL, appellant Pro Se.

Ninion S. Riley, Jefferson City, MO, Sharon A. Willis, Co–Counsel, Kansas City, MO, for respondent.

Before HARDWICK, P.J., BRECKENRIDGE and SPINDEN, JJ.

PATRICIA BRECKENRIDGE, Judge.

Steven Jenkins appeals the decision of the Labor and Industrial Relations Commission dismissing his appeal from his disqualification from unemployment benefits because he did not "appear" at a telephone hearing before the appeals tribunal. On appeal, Mr. Jenkins requests a new telephone hearing on the grounds that he did not appear at his first hearing because he failed to properly read the notice of that hearing. This court dismisses Mr. Jenkins' appeal for failure to comply with Rule 84.04 and failure to include any legal authority supporting his claim.

### Factual and Procedural Background

Mr. Jenkins was fired from his job at Manpower on Site at Procter and Gamble. After he was fired, Mr. Jenkins filed for unemployment security benefits, and Manpower protested his claim. A deputy for the Division of Employment Security determined that Mr. Jenkins was disqualified from receiving unemployment security benefits for seven weeks under section 288.050.2,[1] RSMo 2000,[2] because he was discharged for misconduct connected with his work. The deputy found that Mr. Jenkins was discharged for insubordination because he refused to follow his supervisor's instruction, displayed "disrespectful behavior," and used obscene language.

Mr. Jenkins timely appealed the deputy's decision to the appeals tribunal. On August 1, 2002, the appeals tribunal sent Mr. Jenkins a notice that a telephone hearing for his appeal was set for Tuesday, August 13, 2002, at 12:45 P.M. The notice stated: "IN ORDER TO PARTICIPATE IN THIS HEARING YOU *MUST* CALL TOLL FREE 1–877–881–9162 BEFORE THE HEARING TIME. *MORE INSTRUCTIONS ON THE BACK OF THIS NOTICE.*" The instructions on the back of the notice restated that "IN ORDER TO PARTICIPATE IN THE HEARING, YOU MUST TELEPHONE, TOLL–FREE: 1–877–881–9162." The purpose of the call was for Mr. Jenkins to give the appeals tribunal the telephone number where he could be reached at the hearing time. The notice further provided that the call must be received "no later than five minutes before the hearing is scheduled to begin." Finally, it instructed that:

> You must call the toll-free number each time the appeal is set for hearing. If you have not reported your telephone number by calling the above toll-free number, you will not be called for the hearing. It is your responsibility to report a telephone number where you can be reached *promptly*. The Referee will only dial twice if the provided number is busy or is answered by an answering machine or voice mail.

Mr. Jenkins did not call the toll-free number or report his telephone number to the appeals tribunal. On August 13, 2002,

---

1. Section 288.050.2 states:
   Notwithstanding the other provisions of this law, if a deputy finds that a claimant has been discharged for misconduct connected with the claimant's work, such claimant, depending upon the seriousness of the misconduct as determined by the deputy according to the circumstances in each case,

shall be disqualified for waiting week credit or benefits for not less than four nor more than sixteen weeks for which the claimant claims benefits and is otherwise eligible.

2. All statutory references are to the Revised Statutes of Missouri 2000.

at 12:50 P.M., the appeals tribunal dismissed Mr. Jenkins' appeal because he had not provided it with his telephone number. On August 14, 2002, the appeals tribunal issued its order dismissing Mr. Jenkins' appeal because he "did not participate in the hearing to pursue the appeal."

Subsequently, Mr. Jenkins requested that the Labor and Industrial Relations Commission review the decision of the appeals tribunal. In his request, he asserted that "[d]ue to my irresponsible reading I forgot to call the 1–800 number to confirm for the hearing" and "I forgot to give the referee my phone number where I could be reach[ed]." On September 5, 2002, the Commission affirmed the decision of the appeals tribunal and adopted its decision as that of the Commission. This appeal followed.

## Appeal Dismissed

■ On appeal, Mr. Jenkins requests a new telephone hearing because he "made a mistake by not reading the [notice] letter properly." Before this court reaches the merits of Mr. Jenkins' point, however, this court must determine whether Mr. Jenkins' brief is so deficient that this court does not have jurisdiction to hear his appeal. *Finnical v. Finnical*, 81 S.W.3d 554, 557 (Mo.App.2002).

■ Mr. Jenkins' brief is deficient in that it fails to comply with the requirements of Rule 84.04. "Appellate courts require compliance with Rule 84 to ensure they do not become advocates by speculating on facts and arguments that have not been asserted." *Quarles v. Richman Gordman Stores, Inc.*, 68 S.W.3d 452, 454 (Mo.App.2001). Although Mr. Jenkins is not represented by counsel in this case, he is still "held to the same procedural rules as attorneys and will not receive preferential treatment regarding compliance, despite this [c]ourt's sensitivity to the problems faced by such litigants." *Id.*

Mr. Jenkins' brief fails to comply with Rule 84.04 in that it does not contain a proper jurisdictional statement. Under Rule 84.04(a)(2), an appellant's brief must contain "[a] concise statement of the grounds on which jurisdiction of the review court is invoked." A jurisdictional statement "shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated." Rule 84.04(b). Here, Mr. Jenkins' two-page jurisdictional statement is merely a recitation of the facts leading up to this appeal. He ends his jurisdictional statement by asking, "can I be re-schedule[d] for a phone hearing." This jurisdictional statement does not meet the requirements of Rule 84.04(a)(2) and (b), because it is not a "concise statement of the grounds on which jurisdiction of the review court is invoked" and does not "demonstrate the applicability of the particular provision or provisions" of the Constitution upon which jurisdiction of this court is "predicated." Since Mr. Jenkins' jurisdictional statement is deficient, he "fails to invoke the jurisdiction of this court." *Finnical*, 81 S.W.3d at 558.

■ Mr. Jenkins' point relied on also fails to comply with Rule 84.04(d)(2). Under Rule 84.04(d)(2), when a party appeals from an administrative decision, the point relied on must identify the administrative ruling the appellant is challenging, "state concisely the legal reasons for [his] claim of reversible error," and explain why the legal reasons support his claim of reversible error. Here, Mr. Jenkins' point relied on states that:

I Steven Jenkins the appellant, feels that I could have been put in another department for that day. I feel that

something else could have been done besides firing me. I was fire on July six, two thousand and two, and my supervisor quit three days later. I the appellant would like my phone hearing[.]

Clearly, this point relied on is deficient in that it does not identify the administrative ruling Mr. Jenkins is challenging, does not include any legal reasons for his challenge, and explain why the legal reasons support his claim of reversible error. "Deficient points relied on preserve nothing for this court to review and are grounds for dismissal on appeal." *Quarles*, 68 S.W.3d at 454.

Additionally, Mr. Jenkins' brief does not include a statement of facts in compliance with Rule 84.04(c). Rule 84.04(c) requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Mr. Jenkins' one page statement of facts recites the events leading up to his discharge from Manpower, but it does not include any facts relating to his failure to attend his telephone hearing. "A statement of facts containing practically no facts relating to any issue raised on appeal does not comply with Rule 84.04(c)." *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 217 (Mo.App.1999). Mr. Jenkins' statement of facts also does not comply with Rule 84.04(i) because it does have specific page references to the record on appeal. Failure to include a statement of facts in compliance with these rules is grounds for dismissing an appeal. *Mo. Highway & Transp. Comm'n v. Taylor*, 839 S.W.2d 676, 678 (Mo.App.1992).

Finally, Mr. Jenkins' brief does not contain an argument section. Rule 84.04(e) requires that an appellant's brief include an argument section that discusses the appellant's point on appeal. "An argument should show how the principles of law and the facts of the case interact."

*Carroll*, 6 S.W.3d at 218. "It is not [this court's] duty or responsibility to spend judicial time searching through the argument portions of briefs in an attempt to interpret the thrust of [the appellant's] contentions." *Id.*

In addition to failing to comply with the requirements of Rule 84.04, Mr. Jenkins' brief does not include any legal authority to support his request for a new telephone hearing. "It is an appellant's obligation to cite appropriate and available precedent if [the appellant] expects to prevail." *In re Marriage of Spears*, 995 S.W.2d 500, 503 (Mo.App.1999). "Where, as here, the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss the appeal." *Id.* Thus, because Mr. Jenkins' brief fails to comply with Rule 84.04 and does not include any legal authority to support his request on appeal, this court dismisses his appeal. *Crawford County Concerned Citizens v. Mo. Dep't of Natural Res.*, 51 S.W.3d 904, 909 (Mo.App.2001); *In re Marriage of Spears*, 995 S.W.2d at 503.

Even if this court were to examine the issues in this appeal, Mr. Jenkins still would not be entitled to reversal of the Commission's decision to dismiss his appeal for failing to appear at his telephone hearing. Under section 288.190.3, "[i]n any [administrative] case wherein the appellant, after having been duly notified of the date, time, and place of the hearing, shall fail to appear at such hearing, the appeals tribunal may enter an order dismissing the appeal." Here, Mr. Jenkins does not dispute that he was notified of the date, time, and place of his hearing. Instead, he requests a new hearing because he failed to read the notice properly. He explains that he did not read the notice

properly because "I guess I was also busy reading my other mail." The Commission was well within the law to determine that Mr. Jenkins' failure to read the notice properly was not good cause for him to miss his telephone hearing and, thus, dismiss his appeal for failure to appear. *See Brawley & Flowers, Inc. v. Gunter*, 934 S.W.2d 557, 561 (Mo.App.1996) (holding that an employer who "failed to follow clearly stated directions" in a notice of a telephone hearing with the appeals tribunal was "not in a position to say its was denied reasonable opportunity for a fair hearing.").

The appeal is dismissed.

All concur.