**Phyllis RICE, Appellant,**

v.

**THREE RIVERS HEALTHCARE
and Division of Employment
Security, Respondent.**

**No. 26565.**

Missouri Court of Appeals,
Southern District,
Division One.

July 14, 2005.

William B. Gresham, Poplar Bluff, for Appellant.

Marilyn Green, Cynthia Quetsch, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Phyllis Rice ("Claimant") appeals the decision of the Labor and Industrial Re-

---

**11.** Husband's motion to dismiss the appeal is denied.

lations Commission ("the Commission") affirming the decision of the Missouri Division of Employment Security Appeals Tribunal ("appeals tribunal") that Claimant did not show good cause for failing to participate in her scheduled hearing.

Claimant filed an initial claim for unemployment insurance benefits that was effective February 22, 2004; however, on March 10, 2004, a determination was made that Claimant was disqualified from benefits because she had voluntarily quit work with the employer on February 18, 2004, without good cause attributable to her work or her employer. Claimant appealed the determination of the deputy to the appeals tribunal and she received notice that a telephone hearing was scheduled for April 27, 2004, at 9:30 a.m. The notice stated in bold letters: **"Claimant, we will use the phone number below unless you call 877–881–9162."** Claimant's home telephone number was listed in the box below the above statement. The notice further provided that Claimant must read the instructions printed on the back and call in her phone number each time the hearing is scheduled. It also clearly stated that: "Your case may be dismissed if you fail to provide an accurate telephone number." Finally, the notice on the back instructed that:

> If your telephone number does not appear on the front of this notice and you do not report your telephone number by calling the toll-free number on the front, you will not be called for the hearing. It is your responsibility to report a telephone number where you can be reached promptly. The referee will not wait for you to be located or paged. The referee will only dial twice if the provided number is busy or is answered by an answering machine or voice mail.

Claimant's attorney also received the same notice except no telephone number was listed. Claimant's attorney did not follow the directions on the front of the notice or the bold instruction on the back. The appeals tribunal called Claimant's home telephone number at the scheduled time and as routine procedure called a second time, five minutes later, yet did not reach Claimant. Claimant's attorney did not call the appeals tribunal until 9:40 a.m. Claimant failed to participate in the scheduled hearing and therefore, the case was dismissed by order of the appeals tribunal. On May 27, 2004, Claimant requested reconsideration of that order and the order was set aside.

The following day, a second hearing was held to consider whether Claimant had good cause for failing to participate in the initial hearing setting on April 27, 2004 and to take evidence on the merits of her case. Claimant acknowledged at the hearing that she received notice of the initial hearing which indicated her home telephone number would be used unless she called the number provided. She also acknowledged that she did not telephone the appeals tribunal to provide a different telephone number even though she knew that she had made arrangements to meet at her attorney's office to participate in the hearing. On September 1, 2004, the Commission affirmed the decision of the appeals tribunal and adopted its decisions. This appeal followed.

■ Claimant appeals the decision stating the Commission abused its discretion and acted without or in excess of its powers and that the decision is not supported by competent and substantial evidence in that Claimant acted in good faith and reasonably under all circumstances.

■ On review of the Commission's decision, we are governed by section

288.210[1] which, in pertinent part, states we may:

> modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other: (1) That the commission acted without or in excess of its powers; (2) That the decision was procured by fraud; (3) That the facts found by the commission do not support the award; or (4) That there was no sufficient competent evidence in the record to warrant the making of the award.

*See also Wester v. Missouri Dept. of Labor and Industrial Relations,* 134 S.W.3d 757, 758 (Mo.App. S.D.2004). Also, under section 288.190.3, "[i]n any [administrative] case wherein the appellant, after having been duly notified of the date, time, and place of the hearing, shall fail to appear at such hearing, the appeals tribunal may enter an order dismissing the appeal." The appeals tribunal must therefore render decisions only after affording parties a reasonable opportunity for a fair hearing. *Brawley & Flowers, Inc. v. Gunter,* 934 S.W.2d 557, 560 (Mo.App. S.D.1996). "This requires reasonable and substantial compliance with principles of due process of law." *Id.*

Here, because Claimant does not dispute that she was notified of the date, time and place of her initial hearing, the Commission did not err in dismissing Claimant's appeal for failing to show good cause for her failure to participate in the original setting of her claim. Both Claimant and her attorney were negligent in following the instructions given to participate in the initial hearing. Claimant failed to follow the clearly stated directions that would have enabled her to present evidence. She, therefore, cannot claim she was denied a reasonable opportunity for a fair hearing. Claimant was not denied due process. The Commission, therefore, did not act without or in excess of its powers.

The Commission did not err in determining that Claimant's failure to read the notice properly was not good cause for her to miss her telephone hearing and, subsequently, dismiss her appeal for failure to appear. *See Jenkins v. Manpower on Site at Proctor and Gamble,* 106 S.W.3d 620, 625 (Mo.App. W.D.2003). We, therefore, affirm the Commission's decision.

GARRISON, P.J., and PREWITT, J., concur.

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.