### Michele WEIRICH, Appellant,

v.

### DIVISION OF EMPLOYMENT SECURITY, Respondent.

### No. WD 70891.

Missouri Court of Appeals,
Western District.

Dec. 29, 2009.

As Modified Feb. 2, 2010.

George S. Smith, Columbia, MO, for Appellant.

Jeannie Desir Mitchell, Jefferson City, MO, for Respondent.

Before Division III: MARK D. PFEIFFER, Presiding Judge, and KAREN KING MITCHELL and CYNTHIA L. MARTIN, Judges.

KAREN KING MITCHELL, Judge.

Michele Weirich ("Weirich") appeals the Labor and Industrial Relations Commission's ("Commission") order affirming the dismissal of her claim for unemployment benefits. Weirich's claim was dismissed because Weirich did not participate in her telephone appeal hearing and the Commission found she had not shown good cause for her failure to participate. Weirich contends that the Commission erred in affirming the order of dismissal because Weirich did, in fact, provide evidence to the Commission making a prima facie showing of good cause, but the Commission's review was based upon the record made by the Appeals Tribunal which was devoid of original evidence demonstrating Weirich's good cause. We reverse the order of the Commission and remand this case to the Commission for a hearing as to whether Weirich had good cause for her failure to appear for her telephone hearing before the Appeals Tribunal.

**Factual and Procedural Background**

On October 28, 2008, Weirich was discharged by her employer, University of Missouri, for "misconduct connected with work." The misconduct consisted of a violation of the employer's "order writing policy."

Pursuant to Chapter 288 of the Missouri

Revised Statutes,[1] an unemployed worker may file a claim for employment security benefits with the Department of Labor and Industrial Relations' ("Department") Division of Employment Security ("division"). A "deputy"[2] shall make "a written determination as to whether and in what amount [a] claimant is entitled to benefits." § 288.070.4. An employee who is dissatisfied with a deputy's decision may appeal it to the Division's "Appeals Tribunal," a referee or a body of three referees appointed by the director of the Department to conduct hearings and make decisions on appeals from administrative determinations. *See* §§ 288.030.1(1) & 288.190.1. The conduct of hearings before the Appeals Tribunal "shall be in accordance with regulations prescribed by the Division for determining the rights of the parties, whether or not such regulations conform to common law or statutory rules of evidence and other technical rules of procedure." § 288.190.2. Any party to a decision of an Appeals Tribunal may file an application for such decision to be reviewed by the Commission. § 288.200.1. Any party aggrieved by a final decision of the Commission may appeal the decision to the appropriate district of the appellate court. § 288.210.

On November 2, 2008, a Division deputy disqualified Weirich from receiving unemployment benefits and a "Deputy's Determination Concerning Claim for Benefits" was mailed to her on December 18, 2008. On January 6, 2009, attorney George Smith ("Smith") entered his appearance on Weirich's behalf and timely filed an appeal of the deputy's determination, claiming that Weirich had not violated the employer's order writing policy. A notice mailed by the Division to Weirich on January 26, 2009, informed her that a telephone hearing would be held at 3:00 p.m. on February 5, 2009, to decide her appeal. The notice stated that the telephone number listed on the form, which was Weirich's home phone number, would be used for the hearing. The notice also stated,

> If your telephone number does not appear on the front of this notice and you do not report your telephone number by calling the toll-free number on the front, you will not be called for the hearing. It is your responsibility to report a telephone number where you can be reached promptly.

The notice cautioned that failure to follow instructions may result in the dismissal of the claimant's appeal.

Smith was mailed a notice regarding the telephone hearing on the same day that Weirich's was mailed. The copy mailed to Smith, however, did not have Weirich's telephone number listed; the space on his copy was blank. On January 27, 2009, Smith made a written request for subpoenas and a request for a subpoena *duces tecum* to the Appeals Tribunal. The request for subpoenas also stated that he and Weirich would be available for the hearing at the stated time at Smith's office and provided that telephone number.

The appeals referee, Timothy Pittman, called Smith twice on January 26, 2009, and once on January 27, 2009, to inform him that his subpoena requests had been denied because Weirich's employer had decided not to contest her appeal and would not appear for the telephone hearing. Pittman and Smith also discussed the procedure for the hearing and the types of

---

1. All statutory references are to RSMo 2000, as updated by the 2008 Cumulative Supplement.

2. A representative of the Division designated to make investigations and administrative determinations on claims or matters of employer liability (section 288.030.1(11)).

questions Pittman would ask Weirich. Because Smith provided his office telephone number on the request for subpoenas and because Pittman called Smith at his office, Smith understood that the telephone hearing would occur at his office, and he told Weirich that this was the case. Weirich was apparently present at Smith's office at the time scheduled for the hearing but missed the call from Pittman, who called Weirich's home.

By notice dated February 6, 2009, Weirich was informed that her appeal had been dismissed for failure to participate in the telephone hearing. On February 9, 2009, Weirich timely filed her application seeking to have the decision of the Appeals Tribunal reviewed by the Commission. Weirich attached to her application a lengthy explanation of the misunderstanding as to the location of the telephone hearing. Nevertheless, by order dated March 19, 2009, the Commission informed Weirich that it affirmed the decision of the Appeals Tribunal. This appeal follows.

## Standard of Review

■ We may not reverse, remand, or set aside the Commission's decision unless the Commission acted without or in excess of its powers, the decision was procured by fraud, the decision was not supported by the facts, or the decision was not supported by sufficient competent evidence in the whole record to warrant the making of or the denial of the award. § 288.210; *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003).

The parties disagree about the appropriate standard of review for this case. Weirich contends that review in this case is de novo, because the facts are undisputed and the case involves only the application of the law to the facts. *See Stover Delivery Sys., Inc. v. Div. of Employment Sec.,* 11 S.W.3d 685, 688 (Mo.App. W.D.1999). The Division, on the other hand, contends that the review of whether good cause has been shown is for abuse of discretion. The Division cites *Reisdorph v. Division of Employment Security,* 8 S.W.3d 169, 171–72 (Mo.App. W.D.1999). We agree with the Division that this court applies an abuse of discretion standard. *Reisdorph,* however, reviews good cause in an entirely different context and specifically notes that "[t]he meaning of the concept of 'good cause' appears to vary to some extent according to the context in which the issue arises." *Id.* at 172. We find *Robinson v. Division of Employment Security,* 274 S.W.3d 505, 508 (Mo.App. W.D.2008), more instructive. In *Robinson* the employee-claimant did not follow the proper procedures. While we stated in that case that the denial of a properly submitted motion for review to the Commission would be reviewed by this court for abuse of discretion, we now also note that in cases where the Commission does not have an opportunity to consider the whole record to determine whether the claimant has made a showing of good cause, the case is usually remanded for a hearing on the matter. *See, e.g., Webb v. Labor & Indus. Relations Comm'n of Mo., Div. of Employment Sec.,* 674 S.W.2d 672, 673–74 (Mo.App. W.D.1984).

## Legal Analysis

■ A claimant appealing a deputy's ruling disqualifying the claimant for unemployment benefits must appear at her hearing "at the scheduled time or location" or her appeal will be dismissed. MO.CODE REGS. ANN. tit. 8, § 10–5.040(2)(A). A dismissal is set aside, however, when "the appellant had good cause for failing to appear for the prior setting." MO.CODE REGS. ANN. tit. 8, § 10–5.040(2)(B). Good cause is defined as "those circumstances in which the party acted in good faith and

reasonably under all the circumstances." Mo.Code Regs. Ann. tit. 8, § 10–5.010(2)(C).

Weirich contends that she made a prima facie showing of good cause for missing her telephone hearing because she acted in good faith by presenting herself at her attorney's office at the time designated for her telephone hearing and was prepared to participate in the hearing. She also contends that her actions were reasonable in that her attorney informed her that he had arranged to have the hearing conducted at his office telephone number rather than at her home telephone number. Counsel Smith claims that he also acted reasonably and in good faith because he was unaware that the notice of telephone hearing sent to Weirich designated her home telephone number; his copy of the notice was blank in that space; he had submitted requests for subpoenas stating that he and Weirich would be available for the hearing at his office telephone number; and appeals referee Pittman had contacted him several times at that number.

The Division counters that Weirich did not show good cause because her hearing notice clearly instructed the manner in which a telephone number for a hearing was to be submitted to the appeals referee and neither Weirich nor Smith complied with the stated procedure. The Division cites *Rice v. Three Rivers Healthcare*, 167 S.W.3d 254 (Mo.App. S.D.2005). *Rice* is factually nearly identical to the case at bar. In *Rice*, the Southern District of this court affirmed the dismissal order of the Appeals Tribunal, stating only that the Appeals Tribunal had the power, pursuant to section 288.210, to dismiss the appeal for the claimant's failure to participate in the telephone hearing. *Id.* at 255–56. *Rice* contains no analysis of good cause. *Id.* Following the *Rice* opinion, the Commission would never have to consider whether a claimant had good cause for failing to participate in the hearing but could simply affirm the dismissal outright. For this reason, we do not find *Rice* persuasive.[3]

Weirich also claims that it is doubtful that the Commission's decision was based upon the record as a whole because it is unlikely that the Commission had before it the copy of the notice that was sent to counsel Smith with the space for the telephone number left blank. Nor is it likely, Weirich contends, that the Commission considered the requests for subpoenas submitted by Smith, which stated that he and Weirich would be available for the telephone hearing at his office telephone number. The reason Weirich believes that the Commission may not have had these documents available for its review is that the documents were not initially included in the legal file for appeal and were only submitted after requests from counsel Smith. A review of the legal file shows that it is not clear whether the Commission had this evidence before it when it

---

3. The Division cites several other cases that do not support its position. In *Robinson*, 274 S.W.3d at 508–09, we did not reach the issue of whether the claimant had made a showing of good cause. Because claimant failed to file a motion for reconsideration, his filing was deemed an appeal, and the standard of review constrained this court to affirm the decision of the Commission. In *Brawley & Flowers, Inc. v. Gunter*, 934 S.W.2d 557, 561 (Mo.App. S.D.1996), the employer did not allege good cause for failing to participate in the tele-

phone hearing and only summarily alleged that it was available to participate in the hearing. In *Jenkins v. Manpower On Site at Proctor & Gamble*, 106 S.W.3d 620, 623–24 (Mo.App. W.D.2003), we dismissed the case for the employee's brief's failure to comply with court rules. Moreover, in *Jenkins*, the employee's showing of good cause was much weaker, as he simply claimed that he misread the notice, and he made no attempt to be present for the hearing. *Id.* at 624–25.

576

affirmed the dismissal of Weirich's appeal, or whether it had only the record made before the Appeals Tribunal. *Cf. Webb,* 674 S.W.2d at 673–74 (remanding for a hearing on the question of whether the claimant had good cause for failing to appear).

We find that Weirich has made a prima facie showing of good cause and that the Commission should have conducted a hearing on the matter pursuant to Mo.Code Regs. Ann. tit. 8, § 10–5.040(2)(B). Accordingly, we reverse the order of the Commission and remand the case to the Commission for a hearing on the question of whether Weirich had good cause for her failure to participate in the scheduled telephone hearing. If good cause for her failure is found, the order dismissing her appeal should be set aside, and her appeal should be heard on its merits.

MARK D. PFEIFFER, Presiding Judge, and CYNTHIA L. MARTIN, Judge, concur.