Viery GUYTON, Appellant,

v.

## DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. WD 74817.

Missouri Court of Appeals, Western District.

Aug. 28, 2012.

Viery Guyton, East St. Louis, IL, Appellant, pro se.

Shelly A. Kintzel, Jefferson City, MO, for Respondent.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, and KAREN KING MITCHELL and CYNTHIA L. MARTIN, Judges.

KAREN KING MITCHELL, Judge.

This is an unemployment benefits case. The issue is whether the claimant showed good cause for failing to appear at the initial appeal of the denial of her claim. We hold that she did not show good cause. Accordingly, we affirm.

## Facts and Procedural Background

Appellant Viery Guyton filed a claim for unemployment benefits.[1] A deputy from the Department of Labor and Industrial Relations' Division of Employment Security ("Division") determined that Guyton was fired for misconduct connected with work, and the deputy therefore determined that Guyton was not entitled to unemployment benefits.

Guyton appealed to the Division's Appeals Tribunal. The Tribunal mailed Guyton a "notice of telephone hearing," which included instructions regarding how to appear for the hearing. The notice instructed Guyton to call a telephone number and, when prompted, enter an access code. The notice advised Guyton that failure to attend the hearing would result in her appeal being denied.

Guyton did not attend the hearing, and the Tribunal dismissed her appeal. Guyton appealed the dismissal to the Labor and Industrial Relations Commission. Guyton sent a letter to the Commission, stating that she misread the notice of hearing and that she had been under the mis-

taken impression that the Tribunal would call her.

The Commission affirmed the dismissal of the appeal, ruling that Guyton had not stated good cause for failing to attend the telephone hearing. Guyton appeals.

## Standard of Review

[O]n appeal, [we] may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

§ 288.210.[2] In deciding the appeal, we review the whole record neutrally, without making inferences to either support or overturn the award. *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003).

## Analysis

Guyton argues that the Commission erred in failing to grant her a new hearing in that her actions were not willful and wanton. We disagree.

An unemployed person may make a claim for employment security benefits with the Division. *Weirich v. Div. of Emp't Sec.,* 301 S.W.3d 571, 572–73 (Mo.

---

1. Our understanding of the facts is limited by the appellant's failure to include a sufficient statement of facts in her brief. She included very few factual assertions, and she did not support them with any citations to the record. *See* Rule 84.04(i). Moreover, in the argument section of her brief, Guyton cited no relevant authority (apart from the standard of review) to support her point on appeal. *See* Rule 84.04(e); *Moreland v. Div. of Emp't Sec.,* 273 S.W.3d 39, 41 (Mo.App. W.D.2008). These

violations of Rule 84.04 would justify dismissal of the appeal, but, given that we believe we grasp the gist of Guyton's argument, we exercise our discretion and reach the merits. *See Moreland,* 273 S.W.3d at 41.

2. Statutory citations are to RSMo 2000, as updated through the 2011 cumulative supplement.

App. W.D.2009). A deputy from the Division initially decides the claim. *Id.* at 573. A dissatisfied claimant may appeal the deputy's decision to the Tribunal. *See id.;* §§ 288.030.1(1) & 288.190.1.

"The conduct of hearings before the Appeals Tribunal 'shall be in accordance with regulations prescribed by the Division for determining the rights of the parties....' " *Weirich,* 301 S.W.3d at 573 (quoting § 288.190.2). "If the appellant fails to appear at a hearing at the scheduled time or location, the appeal shall be dismissed." 8 CSR 10–5.040(2)(A).

 A claimant may appeal the Tribunal's decision to the Commission. *Weirich,* 301 S.W.3d at 573. If the Tribunal dismissed the appeal for failure to appear, the claimant, in order to be entitled to a new hearing, must show that her failure to appear was for good cause. *Id.* at 574–75. A showing of good cause must demonstrate that (1) the claimant acted reasonably under all the circumstances; and (2) she acted in good faith. *Id.*; 8 CSR 10–5.010(2)(C). Failure to read the notice of hearing correctly is not reasonable under the circumstances and does not constitute good cause for failure to appear at the hearing. *Jenkins v. Manpower on Site at Proctor & Gamble,* 106 S.W.3d 620, 625 (Mo.App. W.D.2003).

Formerly, "the regulations prescribed by the Division," *see* § 288.190.2, required the Tribunal to initiate the telephone hearing by calling the claimant at the number provided by the claimant. *Wilson v. Div. of Emp't Sec.,* 359 S.W.3d 133, 136 (Mo. App. W.D.2012); *Jackson–Mughal v. Div. of Emp't Sec.,* 359 S.W.3d 97, 101–02 (Mo. App. W.D.2011). But on October 30, 2011, a new regulation took effect, requiring

that, for telephone hearings, the claimant must "[j]oin the telephone conference as instructed in the notice of hearing at the time of the hearing." 8 CSR 10–5.010(2)(B)2. Guyton's telephone hearing took place on November 29, 2011, so the new regulation was in effect for her hearing.

Here, the notice of hearing clearly informed Guyton that, in order to join the conference and thus "appear" at the hearing, she had to call a toll-free number and enter an access code. Guyton claims that she misread the notice of hearing and that therefore her actions were not "willful and wanton." But "willful and wanton" is not the standard that applies here;[3] rather, Guyton must show that her actions were reasonable under the circumstances. 8 CSR 10–5.010(2)(C). Failure to properly read the notice of hearing is not reasonable under the circumstances and does not meet the "good cause" standard for overturning the dismissal of the appeal. *Jenkins,* 106 S.W.3d at 625.

Accordingly, the Commission did not err in affirming the Tribunal's order. Point denied.

### Conclusion

Guyton has not shown good cause for failing to appear at the telephone hearing. Accordingly, we affirm the Commission's order.

VICTOR C. HOWARD, Presiding Judge, and CYNTHIA L. MARTIN, Judge, concur.

---

**3.** Guyton confuses the standard for "misconduct," *see* § 288.030(23), for the standard that applies for failure to appear. The issue here is not whether she committed misconduct at her job and thus would not be eligible for benefits; rather, the issue is whether she showed good cause for failing to appear at the telephone hearing. Guyton has not even attempted to make such a showing.