In the ESTATE OF: Vernon E. BAILEY, Deceased.

No. SD 34741

Missouri Court of Appeals, Southern District, Division Two.

Filed: August 25, 2017

Attorneys for Appellant—Francis X. Duda, Steve Lillis of St. Louis, MO.

Attorney for Respondent—Scott A. Robbins of Poplar Bluff, MO.

Before Rahmeyer, P.J., Scott, J., and Francis, Jr., J.

PER CURIAM.

Vernon E. Bailey ("Decedent") was a single man who died intestate on June 23, 2015. Appellant is Decedent's biological father, who, after being contacted by an heir location service, brought a Motion to Vacate Order Approving Amended Final Settlement and Order of Distribution. The probate division of the circuit court denied the motion. Appellant now appeals. We affirm.

Appellant initially claims the trial court erred in denying his motion to vacate the order because Appellant's objections to the final settlement were filed within twenty days of the order approving the final settlement and distribution. In his second point, Appellant claims error in denying the motion to vacate the final order because clear and convincing evidence exists that Appellant was the father of the deceased and, therefore, the sole heir to his son's estate. Appellant cites to a *Murphy v. Carron*[1] standard of review and appears to be arguing in his first point that the court erred as a matter of law in the determination that the motion was not timely. His second point also appears to be contending that, as a matter of law, because he was the biological father of Decedent he is entitled to be the sole heir to his son's estate. Appellant is incorrect on both of his claims of error.

Decedent died on June 23, 2015. There is no contention that there was anything improper in the notice or administration of the estate by the personal representative. Appellant, although he lived in the same town as his son, contends that he did not have any notice of the death of his son because he had not had any contact with Decedent since the child was approximately a year old. Appellant had paid no support and was unaware of his ex-wife's death. Likewise, there was no evidence that the personal representative and Decedent's maternal relatives were aware of Appellant's whereabouts. In fact, the testimony of the personal representative, who was Decedent's pastor, was that he believed Decedent's father was deceased.

The next critical date for our analysis is August 17, 2016. On that date, a Petition for Approval of Final Settlement and Order of Distribution, as required by section

---

1.  *Murphy v. Carron*, 536 S.W.2d 30 (Mo.   banc 1976).

473.587,[2] was filed by Respondent.[3] Section 473.590 provides:

> Within twenty days after the filing of the final settlement and petition for distribution, or such longer time as may be ordered by the court, any interested person may file written objections thereto.... If no objections are filed, the court may approve the final settlement and order distribution as prayed[.]

On September 7, 2016, the probate court entered its order approving the Amended Final Settlement and Order of Distribution. Respondent distributed Decedent's estate in accordance with the order of the probate court. Thereafter, on September 21, 2016, counsel for Appellant filed an Entry of Appearance. On September 22, 2016, Appellant filed his Motion to Vacate Order Approving Amended Final Settlement and Order of Distribution.

■ Appellant contends that his motion to vacate was timely because it was filed within twenty days of the Order approving the Amended Final Settlement and Order of Distribution. Appellant starts calculating from the wrong date. Section 473.590 requires objections to be filed within twenty (20) days of the **filing of the final settlement and petition for distribution**, not the probate court's approval of the same. Here, Respondent filed the final settlement on August 17, 2016, such that Appellant's objections had to be filed by September 7, 2016. Appellant did not file his Motion to Vacate Order Approving Amended Final Settlement and Order of Distribution until September 22, 2016, which was fifteen (15) days late. Appellant's motion was not timely and was properly denied by the probate court.

Appellant argues:

Section 473.07[0], effective May 23, 1996, changed the statutory rule to provide that "[a]n[y] action to establish an interest in an estate by descent shall be filed prior to the expiration of the applicable objection period for a final settlement pursuant to [s]ection 473.590 or for a statement of account pursuant to [s]ubsection 4 of [s]ection 473.840.["] See, for example, *Estate of Wright*, 950 S.W.2d 530[, 532 n.3] (Mo. App. W.D. 1997) decided before the statute was amended.

We are hard-pressed to understand how *Wright* assists Appellant. In *Wright*, the issue was whether the probate division of the circuit court could determine the paternity of two alleged daughters. *Id.* at 532-33. The court, while determining that the probate division did have the authority to determine paternity, found that the petitioners in the case still had to comply with the deadlines and limitations as set forth in the probate law. *Id.* at 533. "They failed to do so[,]" and were properly dismissed as being time barred from the probate proceeding. *Id.* Likewise, Appellant failed to comply with the deadline for filing objections to the proposed final settlement and distribution. The trial court did not err in determining that Appellant had not filed timely objections. Point I is denied.

■ In Point II, Appellant claims the trial court erred in failing to vacate the order because Appellant proved that he was Decedent's biological father and, thus, entitled to be the sole heir. The court did find that Appellant had shown "by clear and convincing evidence that he is the father of the decedent." However, the court then recited in its judgment further facts from which the court concluded that Appellant still had not shown good cause to re-open the case. Appellant acknowledges these further findings and the

---

**2.** All references to statutes are to RSMo 2000, unless otherwise specified.

**3.** Due to a scrivener's error, an amended final settlement was filed on August 18, 2016.

court's reliance thereon, yet his Point II argument wholly fails to address the issue of good cause. We, likewise, will not address it as we are "not to become an advocate for a party to an appeal." *In re Marriage of Spears*, 995 S.W.2d 500, 503 (Mo.App. S.D. 1999). Point II is denied.

The judgment is affirmed.