Colleen Dolan, Judge
I. Introduction
Amber Hubbard ("Claimant") appeals the decision of the Labor and Industrial *460 Relations Commission (the "Commission") affirming the decision of the Missouri Division of Employment Security Appeals Tribunal (the "Appeals Tribunal") that Claimant did not show good cause for failing to participate in her Appeals Tribunal hearing. We dismiss Claimant's appeal for failure to comply with the appellate briefing standards of Rule 84.04 and for failure to properly appeal the only ruling made by the Commission.[1]
II. Factual and Procedural Background
Claimant filed a claim for unemployment benefits after being discharged from her employer, Schaefer Autobody Centers, Inc., ("Employer") on October 6, 2017. A deputy for the Division of Employment Security (the "Division") reviewed Claimant's claim and found that she was ineligible for benefits because she was discharged by Employer for misconduct connected to her work. Specifically, the misconduct was Claimant "clos[ing] the business prior to normal closing time. [Claimant] was not authorized to close the business early." Claimant timely filed an appeal to the Appeals Tribunal. On December 5, 2017, the Appeals Tribunal mailed Claimant a Notice of Telephone Hearing advising her that her hearing was scheduled for December 20, 2017. However, this hearing was postponed and Claimant received notice that her hearing was re-scheduled for December 28, 2017, at 3:45 p.m. The notice instructed Claimant to call a toll-free number and enter an access code at the time of the hearing. The words "YOU MUST CALL " were capitalized and in bold. Claimant did not call into the hearing at the appointed time. On December 29, 2017, the Appeals Tribunal issued an order dismissing her appeal. Subsequently, Claimant filed an Application for Review with the Commission stating that, "I missed my original hearing because I misunderstood that I was supposed to call in for the [hearing], I was awaiting the call and when I realized that I was supposed to call in I called in about 15 minutes later, but the hearing had ended and I immediately call[ed] the main office to explain my circumstances."
In affirming the decision of the Appeals Tribunal, the Commission stated that: "Claimant's allegations, if true, will not support a finding of good cause for claimant's failure to participate in the scheduled hearing. As such, claimant has not made a prima facie showing that claimant is entitled to relief. No purpose would be served by remanding to determine the truth or falsity of the allegations."
This appeal follows.
III. Discussion
In her brief, Claimant argues that the Commission erred in concluding that she committed misconduct by closing the business early because the Commission's decision was not based on competent or substantial evidence. However, the only issue our Court can review is whether the Commission erred in affirming the decision of the Appeals Tribunal that Claimant did not show good cause for failing to participate in her Appeals Tribunal hearing. See Renda v. E. Metal Supply of Missouri, Inc. , 414 S.W.3d 556, 560 (Mo. App. E.D. 2013) (holding that our Court may only address an issue that was determined by the Commission). Because Claimant has failed to comply with Rule 84.04 and has failed to effectively appeal the Commission's decision, we must dismiss the appeal.
Rule 84.04 sets forth mandatory requirements for appellate briefs.
*461 King v. King , 548 S.W.3d 440, 442 (Mo. App. E.D. 2018). In the interest of judicial impartiality, judicial economy and fairness to all parties, pro se appellants are held to the same standards as attorneys regarding the mandatory appellate briefing rules. Id. ; Scott v. Potter Elec. Signal Co., 310 S.W.3d 311, 312 (Mo. App. E.D. 2010). All litigants are required to comply with Rule 84.04; an appellate court should not speculate as to the parameters of the appellant's argument because doing so would cast the court in the role of the appellant's advocate. Porter v. Div. of Emp't Sec., 310 S.W.3d 295, 296 (Mo. App. E.D. 2010). "While we prefer to dispose of a case on the merits whenever possible, if the deficiencies in the brief are such that no claims are preserved for appellate review, then we must dismiss the appeal." Scott , 310 S.W.3d at 312.
An appellate brief must contain: "1) a detailed table of contents and an alphabetically-arranged table of cases and other authorities cited, all with corresponding page references, 2) a concise statement of the jurisdictional grounds, 3) a statement of facts, 4) a "Point Relied On" for each issue on appeal, 5) an argument that substantially follows the corresponding "Point Relied On," and 6) a statement of the precise relief sought." Porter, 310 S.W.3d at 296 ; Rule 84.04(a). Claimant's brief lacks several of these elements.
First, Rule 84.04(c) requires that an appellate brief include "a fair and concise statement of the facts relevant to the questions presented for determination without argument...." While Claimant included a statement of facts, it is a narrative concerning the merits of Claimant's underlying unemployment claim, which were not at issue before the Commission and not the subject of its order in this appeal. "A statement of facts containing practically no facts relating to any issue raised on appeal does not comply with Rule 84.04(c)." Jenkins v. Manpower on Site at Proctor & Gamble , 106 S.W.3d 620, 624 (Mo. App. W.D. 2003). Claimant's failure to provide this Court with "an immediate, accurate, complete and unbiased understanding of the facts of the case" constitutes grounds for dismissal of an appeal. Kuenz v. Walker , 244 S.W.3d 191, 193 (Mo. App. E.D. 2007) ; Hankins v. Reliance Auto., Inc. , 312 S.W.3d 491, 494 (Mo. App. E.D. 2010).
Secondly, Claimant's argument section fails to comply with Rule 84.04(d)(2) in that it fails to include "Points Relied On." Under this rule, "each point relied on must identify the administrative ruling or action the appellant challenges, provide a concise statement of the legal reasons for the claim on appeal, and explain why the legal reasons support the claim of error." Johnson v. Buffalo Lodging Assocs. , 300 S.W.3d 580, 582 (Mo. App. E.D. 2009). In the present case, Claimant's brief does not contain "Points Relied On" that identify the precise matters that Claimant is contending and informs the Court of the issues presented for review. See id. Moreover, Claimant's "Points Relied On" section does not contain a list of cases or other legal authority upon which Claimant relies on, in violation of Rule 84.04(d)(5).
Lastly, Claimant's brief violates Rule 84.04(e) because it fails to set forth the applicable standard of review, presents no legal argument for reversal, nor does it contain any citation to legal authority or "specific page references to the relevant portion of the record on appeal." An argument section "should develop the claim of error by showing the interaction between the relevant principles of law and the facts of the particular case." Johnson , 300 S.W.3d 580, 582. In her argument section, Claimant makes numerous factual assertions *462 unrelated to the Commission's determination of her case, and exclusively argues the merits of her underlying employment claim for unemployment benefits, which is not before this Court for review; thus, Claimant's brief does not provide a "legal reason for any claim of reversible error or explains why those reasons constitute error in the context of the case." Id. ; see also Taylor v. St. Louis Arc, Inc., 285 S.W.3d 775, 776 (Mo. App. E.D. 2009) (holding that our Court may only address the issues that were determined by the Commission and may not consider issues that were not before the Commission). By failing to present any legal argument as to why the Commission erred with respect to the issue of her failure to participate in the Appeals Tribunal hearing, Claimant has abandoned the issue for appeal. Hauenstein v. Houlihan's Restaurants, Inc., 381 S.W.3d 380, 381 (Mo. App. E.D. 2012).
Based on the foregoing, we find that Claimant's brief substantially fails to comply with the briefing requirements of Rule 84.04.
Even if this Court were to examine the issue of whether Claimant is entitled to reversal of the Commission's decision to dismiss her appeal for failing to participate in her telephone hearing, Claimant's appeal would not be successful. Under § 288.190.3, the Appeals Tribunal may enter an order dismissing an appeal "in any case wherein the appellant, after having been duly notified of the date, time, and place of the hearing, shall fail to appear at such hearing."[2] In this appeal, Claimant has the burden of showing that she had good cause for failing to participate in her initial hearing. 8 CSR § 10-5.040(2). Under 8 CSR § 10-5.010(2)(C), the term "good cause" is defined as "those circumstances in which the party acted in good faith and reasonably under all the circumstances."[3] Trice v. State , 457 S.W.3d 19, 22 (Mo. App. E.D. 2014).
Missouri courts have held that receiving notice and failing to read the notice or follow the clearly stated directions on the notice is not considered "good cause" for not participating in a scheduled hearing before the Appeals Tribunal. See Guyton v. Div. of Emp't Sec., 375 S.W.3d 254, 256 (Mo. App. W.D. 2012). For instance, in Jenkins , the claimant argued that he missed his phone hearing with the Appeals Tribunal because he did not properly read the notice since he was "also busy reading [his] other mail." Jenkins , 106 S.W.3d at 624-25. The Court held that the Commission did not err in determining that the claimant's "failure to read the notice properly was not good cause for him to miss his telephone hearing and, thus, dismiss[ing] his appeal for failure to appear." Id. at 625 ; see also Byers v. Human Res. Staffing, LLC , 402 S.W.3d 605, 608 (Mo. App. E.D. 2013) (finding that failure to timely follow clear instructions provided in a notice due to simple oversight is not reasonable and does not constitute good cause for missing a procedural deadline).
In the present case, Claimant timely filed an appeal and conceded that she was notified of the date, time, and method of participating in the hearing. In her appeal, she only claimed that the she missed her phone hearing because she "misunderstood that [she] was supposed to call in for the [hearing], [and she] was awaiting the call." Even if Claimant honestly believed that she was supposed to receive a call from the Appeals Tribunal, her misunderstanding is *463 not good cause for missing her hearing. The notice provided clear instructions on how to "participate in the Telephone Hearing": it instructed Claimant to call a toll-free number at the time of the hearing and enter an access code to participate in the hearing. Similarly to Jenkins , Claimant's inattention to the letter's instructions does not provide good cause since she could have joined the hearing in a timely manner had she follow the printed instructions. See Jenkins , 106 S.W.3d at 625. Further, Claimant was not denied a reasonable opportunity for a fair hearing nor was she denied due process because she was offered a hearing to present her evidence, but she failed to take advantage of the opportunity due to her failure to follow the notice's instructions. See Robinson v. Div. of Emp't Sec. , 274 S.W.3d 505, 509 (Mo. App. W.D. 2008) (affirming the decision of the Commission and finding the claimant was not denied a reasonable opportunity for a fair hearing where he failed to follow clearly stated directions that would have enabled him to present evidence to defend his claim). The Appeals Tribunal provided Claimant proper and timely notice of the hearing with clear instructions for how she should participate. Therefore, the Commission did not err in dismissing Claimant's appeal, as she did not show good cause for failing to participate in her telephone hearing.
IV. Conclusion
Therefore, we find that Claimant's brief substantially fails to comply with the briefing requirements of Rule 84.04, and nothing is preserved for our review. Accordingly, the appeal is dismissed.
Kurt S. Odenwald, P.J., and Gary M. Gaertner, Jr., J., concur.

All references are to Missouri Supreme Court Rules (2017).

All statutory references are to RSMo 2000 as supplemented, unless otherwise indicated.

All regulatory references are to the Missouri Code of State Regulations (November 30, 2013).