

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| ANGELA D. STEVENS, | ) | No. ED112759 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| v. | ) | |
| | ) | |
| BJC HEALTH SYSTEM and | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | Filed: March 18, 2025 |

### Introduction

Angela Stevens ("Appellant") appeals the decision of the Labor and Industrial Relations Commission ("Commission") affirming the decision of the Missouri Division of Employment Security Appeals Tribunal ("Appeals Tribunal") that Appellant did not show good cause for failing to participate in her Appeals Tribunal hearing. We affirm the decision of the Commission.

### Factual Background

On April 19, 2024, the Missouri Division of Employment Security ("Division") sent Appellant a "Deputy's Determination Concerning Claim For Benefits" notifying her that she was disqualified from receiving unemployment benefits because she was discharged by her employer for misconduct connected to her work. Specifically, the Deputy's Determination found that

Appellant's employer, BJC Health System ("BJC"), discharged her for accessing two of her family members' records in violation of BJC's HIPAA policy. On April 22, 2024, Appellant filed a notice of appeal of the decision with the Appeals Tribunal of the Division, and on April 24, 2024, Appellant was sent a notice of a telephone hearing on her appeal set for May 15, 2024, at 8:15 AM, with instructions on how to join the call. Appellant failed to join the call on the morning of the hearing and the Division subsequently dismissed Appellant's appeal.

Appellant timely filed an application for review with the Commission stating that she missed the hearing because she had incorrectly noted the hearing call time as 1:15 PM rather than 8:15 AM. On June 12, 2024, the Commission issued an order affirming the Appeals Tribunal's decision, noting that:

> Claimant's allegations, if true, will not support a finding of good cause for claimant's failure to participate in the scheduled hearing. As such, claimant has not made a prima facie showing that claimant is entitled to relief. No purpose would be served by remanding to determine the truth or falsity of the allegations.

This appeal follows.

### Discussion

Appellant raises three points on appeal. In her first point, Appellant argues that the Commission erred in affirming the Appeals Tribunal's denial of her appeal for failure to appear at the hearing because her unintentional clerical error qualifies as good cause. Appellant's second and third points challenge the Division's decision denying her benefits.

"Appellate review of decisions of the Commission is governed by article V, section 18 of the Missouri Constitution and section 288.210." *Wattree v. Div. of Emp. Sec.*, 698 S.W.3d 471, 476 (Mo. App. W.D. 2024). "We are tasked on appeal with reviewing the propriety of the Commission's decision." *Jensen v. Div. of Emp. Sec.*, 699 S.W.3d 775, 777 (Mo. App. W.D. 2024). Here, the sole issue decided by the Commission was whether Appellant had good cause

2

for failing to participate in the hearing, and, accordingly, the only issue this Court may review is whether the Commission erred in affirming the decision of the Appeals Tribunal that Appellant did not show good cause for failing to participate in her hearing. *See id.* (citing *Hauenstein v. Houlihan's Rests., Inc.*, 381 S.W.3d 380, 380 (Mo. App. E.D. 2012) ("On appeal, this Court may address only those issues determined by the Commission and may not consider any issues that were not before the Commission.")). Therefore, because the merits of the Division's decision to deny benefits were not reviewed by the Commission, this Court may not address Appellant's arguments in her second and third points on appeal. *See id*. Accordingly, Points II and III are dismissed and we address only Point I.

"Missouri courts have held that receiving notice and failing to read the notice or follow the clearly stated directions on the notice is not considered 'good cause' for not participating in a scheduled hearing before the Appeals Tribunal." *Hubbard v. Schaefer Autobody Centers, Inc.*, 561 S.W.3d 458, 462 (Mo. App. E.D. 2018) (citing *Guyton v. Div. of Emp't Sec.*, 375 S.W.3d 254, 256 (Mo. App. W.D. 2012)); *see also Jenkins v. Manpower on Site at Proctor & Gamble*, 106 S.W.3d 620, 625 (Mo. App. W.D. 2003) (finding that appellant's failure to read the notice of telephone hearing properly was not good cause for appellant to miss his telephone hearing and, thus, the Commission was well within the law to dismiss his appeal for failure to appear). While Appellant argues in her brief that a clerical error regarding the hearing time may be grounds for good cause, a review of Appellant's argument and cited authorities reveals not only that such a proposition of law is distinctly incorrect, but that her cited cases do not exist.[1]

---

[1] Appellant's brief contains citations to six cases that this Court was unable to locate. These citations to fictitious legal authorities suggests the use of artificial intelligence in the drafting of Appellant's brief. This Court recently noted that

> [a] fake opinion is not "existing law" and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law. An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system.

Accordingly, Appellant has failed to prove that the Commission erred in affirming the Appeals Tribunal's dismissal of her appeal. Point I is denied.

## Conclusion

For the foregoing reasons, we affirm the decision of the Commission.

_Renée D. Hardin-Tammons, J._

Renée D. Hardin-Tammons, J.

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., concur.

---

*Kruse v. Karlen*, 692 S.W.3d 43, 52 (Mo. App. E.D. 2024), *reh'g and/or transfer denied* (Apr. 9, 2024) (citing *Mata v. Avianca, Inc.*, No. 22-CV-1461, 678 F.Supp.3d 443, 461 (S.D.N.Y. June 22, 2023)). Accordingly, in light of artificial intelligence's increasing prevalence, we warn litigants that using artificial intelligence to draft a legal document may lead to sanctions if the user fails to perform a critical review of the end-product to ensure that fictitious legal authorities or citations do not appear in filings with this Court or any other court.