Lee KING, Appellant,

v.

## DIVISION OF EMPLOYMENT SECURITY, Respondent.

### No. WD 53501.

Missouri Court of Appeals, Western District.

Submitted April 23, 1997.

Decided Nov. 10, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 23, 1997.

Application for Transfer Sustained Jan. 27 1998.

Case Retransferred April 21, 1998.

Court of Appeals Opinion Readopted May 13, 1998.

---

Dallas M. Forrest, Jefferson City, for appellant.

Sharon A. Willis, Division of Employment Security, Kansas City, for respondent.

Before BERREY, P.J., and SPINDEN and SMART, JJ.

SMART, Judge.

The Missouri Division of Employment Security ("Division") determined that Lee King was an "employer" subject to § 288.032, RSMo 1994 [1]. Ms. King's appeal of that decision was dismissed by the Appeals Tribunal ("Tribunal") as untimely. The Labor and Industrial Relations Commission ("Commission") affirmed the decision of the Tribunal. Ms. King alleges that the Commission erred in applying 8 CSR 10–5.040(4) to limit the statutory "good cause" basis to extend the time of the appeal pursuant to § 288.130.4. She also contends that the Commission erred in concluding that good cause did not exist for extending the 15 day filing period. Judgment is vacated and remanded to the Commission.

## FACTUAL AND PROCEDURAL BACKGROUND

Ms. King operates a business, Personal Promotions Limited, in partnership with her husband. Personal Promotions Limited operates as an agency providing demonstration services for grocery stores, food companies and brokers. On July 6, 1992, the Division dispatched notification to Ms. King by letter of its determination that she was an "employer" subject to Missouri Employment Security Law. Counsel for Ms. King received a copy of the determination on July 8, 1992. The letter informed Ms. King that the determination would become final fifteen days after the date that the letter was mailed unless a signed written request for a hearing was filed within those fifteen days. The deadline, therefore, was July 21, 1992.

On July 23, 1992, counsel filed a motion to extend the time to file the appeal. Counsel then filed an appeal on July 27, 1992, nearly a week after the deadline for filing an appeal had passed.

On October 2, 1992, the Tribunal entered an order dismissing the appeal as untimely. On October 15, 1992, Ms. King filed a motion for reconsideration. The Tribunal, on October 19, 1992, set aside its October 2 order and set a hearing on the issue of whether the untimely appeal would be allowed. Ultimately, four years later, on July 11, 1996,[2] a hearing was held and on July 26, 1996, the Tribunal entered an order dismissing the appeal on the grounds that the appeal was not filed within the time period provided by statute and that Ms. King did not show good cause to excuse her failure to file a timely appeal.

. Ms. King filed an application for review with the Commission. The Commission adopted the decision of the Tribunal, finding that the decision of the Tribunal should be affirmed because it was supported by competent and substantial evidence on the whole record and was in accordance with law. Ms. King appeals.

## STANDARD OF REVIEW

Review is governed by Section 288.210, RSMo Supp.1996, which provides, in pertinent part:

The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

In making the determination of whether the Commission's findings are sup-

---

1. All sectional references are to Missouri Revised Statutes 1994, unless otherwise indicated.

2. The extensive delay was due to some related collateral litigation between Ms. King and the Division. Ms. King makes no complaint about the delay, and does not demonstrate that the Division was unreasonable to withhold ruling on the extension of time until the conclusion of the related litigation.

ported by competent and substantial evidence, an appellate court employs a two-step process. We outlined the process for review of an award made by the Commission in worker's compensation decisions in *Davis v. Research Medical Center*, 903 S.W.2d 557, 571 (Mo.App.1995). In *Travelers Equities Sales, Inc. v. Division of Employment Sec.*, 927 S.W.2d 912, 917 (Mo.App.1996) we held that the *Davis* standard was applicable to employment security decisions as well. Review is a two-step process. First, an appellate court must determine whether the whole record, viewed in the light most favorable to the decision, contains sufficient competent and substantial evidence to support the Commission's decision. *Davis*, 903 S.W.2d at 571. If it does, the court, in the second step, makes a determination as to whether the decision is against the overwhelming weight of the evidence. *Id.* In this second step, the reviewing court considers all of the evidence in the record, including that not favorable to the decision. *Id.*

### "GOOD CAUSE"

▉ In Point I, Ms. King claims that the Commission erred in applying the regulation defining good cause, 8 CSR 10–5.040(4), to limit the appeal time under § 288.130.4. She contends that the regulation contradicts the expressed will of the legislature, which has specifically allowed an extension of the 15 day time period for "good cause." She bases her argument on the amendment of § 288.130 in 1988. Before the 1988 amendment to the statute, there was no provision for extending the time for filing an appeal. The 1988 amendment added subsection 4 which allows an extension of time for good cause. She reasons that the restrictive definition of good cause promulgated in 8 CSR 10–5.040(4) thwarts the purpose of the legislature because, she suggests, that there are very few situations that fit the definitional criteria of that section. She argues that, as a result of the strict definition of good cause, the right to an extension of the deadline is rendered practically meaningless.

Section 288.130 provides, in pertinent part:

3. A deputy shall make an ex parte determination after investigation but without hearing with respect to any matter pertaining to the liability of an employing unit which does not involve a claimant. The deputy shall promptly notify any interested employing units of each such determination and the reason for it. The division shall grant a hearing before an appeals tribunal to any employing unit appealing from any such ex parte determination provided an appeal is filed in writing within fifteen days following the date of notification or the mailing of such determination to the party's last known address. In the absence of an appeal any such determination shall become final at the expiration of a fifteen-day period. The deputy may, however, at any time within a year from the date of his determination, for good cause, reconsider the determination and shall promptly notify all interested employing units of his amended determination and the reason for it.

4. The fifteen-day period provided in subsection 3 of this section may, for good cause, be extended.

There is no definition of the term "good cause" provided.

Under the authority of § 288.220.5, which allows the director of the Division to adopt, amend or rescind rules and regulations necessary to implement the law, a definition of "good cause" was adopted and is set out in 8 CSR 10–5.040(4). That section defines "good cause" for the purposes of § 288.130.4 as "only those circumstances which are completely beyond the reasonable control of the party and then only if that party acts as soon as practical under the circumstances."

▉ Ms. King points out that agency rules which are beyond the scope of legislative authority or are in conflict with statutes must fail. Ms. King is correct in her assertion. An administrative agency is a creature of statute and enjoys only the authority delegated to it by the legislature. *Missouri Hosp. Ass'n v. Air Conservation Comm'n*, 874 S.W.2d 380, 397 (Mo.App.1994). Administrative regulations, therefore, must be promulgated within the scope of the legislative authority conferred upon the state agency or

the regulations are void. *Associated Indus. of Missouri v. Angoff*, 937 S.W.2d 277, 282 (Mo.App.1996). If the regulations attempt to modify or to extend the statutes, they are also void. *Id.* The challenger of a regulation bears the burden of showing that the regulation bears no reasonable relationship to the legislative objective. *Foremost–McKesson, Inc. v. Davis*, 488 S.W.2d 193, 197 (Mo. banc 1972). Rules and regulations promulgated under an act will be sustained unless they are found to be unreasonable and plainly inconsistent with the act. *Id.*

■ Ms. King argues that the regulation in question, 8 CSR 10–5.040(4), is unreasonable and plainly inconsistent with § 288.130.4. In *Pharmflex, Inc. v. Division of Employment Security*, 964 S.W.2d 825, 831 (Mo.App.W.D.1997), recently decided by this court, we held that the Division exceeded its authority in issuing the definition in question because the regulation's definition is more restrictive than the common law concept of "good cause" employed over many years by the courts of this state. The analysis employed by the court in *Pharmflex* is applicable here. We adopt the analysis of *Pharmflex*, in which we held that any definition of good cause must devolve on the simple elements of good faith and reasonableness under all the circumstances. *Pharmflex*, at 831. The Division's regulation is invalid because it limits good cause to circumstances which are "completely beyond the reasonable control of the party and then only if that party acts as soon as practical under the circumstances." Being untimely although acting reasonably under all the circumstances is not the same thing as being precluded from timeliness by circumstances completely beyond one's reasonable control. *Pharmflex*, at 831. Accordingly, we vacate the determination of the Commission and remand this case to the Commission. The Commission shall exercise its discretion under the proper standard of "good cause" in determining whether Ms. King demonstrated "good cause" for her failure to file a timely appeal. In other words, a party desiring an extension of the fifteen day period in which to file an appeal shall be allowed such extension if there is a showing that the party is in good faith, and that the party has acted reasonably under all the circumstances. No inference should be drawn as to our view of the merits of Ms. King's claim of good cause from the fact that we vacate the determination and remand the matter. The issue of "good cause" is to be "addressed in the first instance to the sound discretion of the administrative agency...." *Todaro v. Labor and Indus. Rel. Comm'n*, 660 S.W.2d 763, 765 (Mo.App.1983) (quoting *Bishop v. Labor & Indus. Rel. Comm'n*, 567 S.W.2d 736, 740 (Mo.App.1978)).

The decision of the Commission is vacated, and the matter is remanded for the exercise of discretion as to whether Ms. King will be allowed a late appeal, under the proper standard for "good cause."

BERREY, P.J., and SPINDEN, J., concur.