Patrice RHODES, Appellant,

v.

DIVISION OF EMPLOYMENT
SECURITY, Respondent.

No. ED 77056.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 26, 2000.

Patrice Rhodes, St. Louis, pro se.

Larry R. Ruhmann, St. Louis, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

Patrice Rhodes, ("Claimant") appeals the decision of the Labor and Industrial Relations Commission ("Commission") that she was overpaid $175.00 in unemployment insurance benefits for one week's unemployment in 1993 during a period of disqualification. Due to the omission of material records, we reverse and remand for rehearing.

In 1999, Claimant suffered a period of unemployment and applied for benefits. Her claim for the week ending July 31, 1999 was denied because of an alleged overpayment of benefits she had received as to a prior period of unemployment in 1993. The Division of Employment Security ("Division") alleged it had mailed a deputy's determination of overpaid benefits to the Claimant in 1993, but she did not remember receiving it. Despite the passage of six years, Claimant sought and received leave to file a late appeal, but the Appeals Tribunal affirmed the deputy's determination that she had been overpaid benefits. Claimant sought review with the Commission, which affirmed the Appeals Tribunal. She now appeals the Commission's decision.

Judicial review of Commission decisions in unemployment security matters is governed by Section 288.210 RSMo. (1996). This Section provides in pertinent part:

Upon appeal no additional evidence shall be heard. The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

In the case at bar, some four weeks after Claimant filed her brief, the Division filed a motion to supplement the record on appeal to include numerous records that are material to Claimant's 1993 claim but were not in evidence before the Appeals Tribunal or the Commission. The Division asserts that, under the authority of *Smith v. Labor and Industrial Relations Comm'n*, 656 S.W.2d 812 (Mo.App. W.D. 1983) and *Quirk v. Premium Homes, Inc.*, 999 S.W.2d 306 (Mo.App. E.D.1999), this Court should allow the supplementation of the record on appeal. We find these cases inapposite. Further, we are prohibited by the mandate of Section 288.210 from receiving additional evidence that was not before the Commission. Finally, such a supplementation of the record on appeal would fly in the face of Claimant's right to submit a brief upon a complete record. Therefore, the Division's motion to file a supplemental record on appeal is denied.[1]

In the absence of the 1993 records, there is no sufficient and competent evidence to affirm the Commission's decision and its decision is accordingly reversed. Section 288.210. However, because Section 288.190.2 RSMo. (1994) requires that the Appeals Tribunal is to consider as evidence all records of the Division that are material to the issues, we remand this matter for rehearing.

PAUL J. SIMON, J., and SHERRI B. SULLIVAN, J., concur.

---

1. Claimant's motion to strike Division's motion to supplement the record on appeal is denied as moot. Further, Claimant's motion to strike Division's brief is also denied.