**Diane JACKSON–MUGHAL, Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. WD 73818.**

Missouri Court of Appeals, Western District.

Dec. 27, 2011.

Dale L. Ingram, Kansas City, MO, for appellant.

Bart A. Matanic, Jefferson City, MO, for respondent.

Before Division Two: MARK D. PFEIFFER, Presiding Judge, VICTOR C. HOWARD, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

Diane Jackson–Mughal ("Claimant") appeals from the decision of the Labor and Industrial Relations Commission ("Commission") affirming the dismissal of her appeal to an appeals tribunal ("Appeals Tribunal") due to Claimant's failure to ap-

pear at a telephone hearing. Claimant contends that the Commission erred because it determined that Claimant was required to appear at the telephone hearing by calling in to a designated number, though the Division of Employment Security's ("Division") regulations required Claimant to appear by being available to receive a telephone call from the Appeals Tribunal. In the alternative, Claimant contends that her failure to participate in the telephone hearing should have been viewed pursuant to 8 CSR 10–5.030(2)(B) as an election not to participate in the hearing rather than as a failure to appear warranting dismissal of her appeal. We reverse and remand.

### Factual and Procedural History

On December 16, 2010, Claimant was discharged from her employment as a security officer by her employer, Chelsey Brown ("Employer"). Claimant filed a claim for unemployment benefits. Employer filed a protest to Claimant's claim stating that Claimant was discharged for repeatedly violating company policy by using her personal cell phone in view of the public at the security desk despite several warnings.

A deputy for the Division made the determination that pursuant to section 288.050.2,[1] Claimant is disqualified from receiving unemployment benefits because Claimant was discharged by Employer for misconduct connected to work. Claimant appealed the deputy's determination to the Appeals Tribunal denying that she violated her Employer's policy regarding cell phone usage.

On February 22, 2011, the Appeals Tribunal mailed Claimant a Notice of Tele-

phone Hearing ("Notice"), which advised of a hearing date of March 4, 2011, at 12:30 p.m. The Notice identified the issue for the hearing as, "Evidence will be taken regarding the separation from work. The decision will determine if the claimant left work voluntarily without good cause attributable to work or was discharged for misconduct connected with the work." The Notice instructed Claimant that to participate in the telephone hearing, she needed to call the telephone number designated on the Notice at the time of the hearing.

The Notice was accompanied by a Notice of Telephone Hearing Information ("Information Sheet"). The Information Sheet advised that: "If you filed the appeal and do not participate in the hearing, your appeal will be dismissed."

Per the Appeals Tribunal's docket sheet, on March 4, 2011, Employer appeared by its vice-president at the hearing, but Claimant did not appear. After waiting several minutes for Claimant to call, the Appeals Tribunal dismissed Claimant's appeal due to her failure to appear. The Appeals Tribunal did not attempt to contact the Claimant by telephone prior to dismissing her appeal.

Claimant filed an application for review of the dismissal of her appeal with the Commission. Claimant claimed that she misunderstood the Notice and was waiting for the Appeals Tribunal to contact her by telephone at the time of the hearing. In affirming the Appeals Tribunal's dismissal of the appeal, the Commission held that even if Claimant's allegations were true, the Claimant had not established good cause for failing to participate in the hearing as Claimant could not establish that

---

1. All statutory references are to RSMo 2000 as supplemented unless otherwise indicated. Section 288.050.2, provides in pertinent part, "If a deputy finds that a claimant has been discharged for misconduct connected with the claimant's work, such claimant shall be disqualified for waiting week credit and benefits[.]"

her actions were reasonable or in good faith. According to the Commission, a claimant acting reasonably and in good faith would have read the Notice carefully to ensure that she knew how to participate in the hearing. Thus, the Commission concluded that because Claimant failed to a make a prima facie showing that her failure to participate was reasonable or in good faith, no purpose would be served by a remand to determine the truth or falsity of Claimant's allegation that she believed the Appeals Tribunal would be calling her.

Claimant timely filed this appeal. The day before this matter was set for oral argument, the Division filed a Motion for Remand wherein the Division acknowledged Claimant's request for the relief of reversal of the Commission's order and for a remand for an in-person hearing. Without explanation, the Division indicated in its Motion for Remand that "it agrees to the requested relief." Though the Division's late acquiescence to Claimant's requested relief is laudable, we nonetheless believe that the issuance of an opinion addressing the legal basis for affording the now agreed upon relief to Claimant is warranted. Thus, the Division's Motion for Remand is deemed granted by, and for the reasons set forth in, this opinion.

### Standard of Review

"We may not reverse, remand, or set aside the Commission's decision unless the Commission acted without or in excess of its powers, the decision was procured by fraud, the decision was not supported by the facts, or the decision was not supported by sufficient competent evidence in the whole record to warrant the making of or the denial of the award." *Weirich v. Div. of Emp't Sec.,* 301 S.W.3d 571, 574 (Mo.App. W.D.2009) (citing section 288.210; *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003)).

"In reviewing the decision, we determine whether the Commission abused its discretion in refusing to set aside the dismissal for failure to show good cause." *Stevenson v. Div. of Emp't Sec.,* 359 S.W.3d 91, 93, 2011 WL 5041208, at *2 (Mo.App.W.D.2011); *See also Miller v. Rehnquist Design & Build, Inc.,* 311 S.W.3d 382, 384 (Mo.App. E.D.2010) (citing *Weirich,* 301 S.W.3d at 574). "Abuse of discretion is shown where 'the outcome is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration.'" *Id.* (quoting *Reisdorph v. Div. of Emp't Sec.,* 8 S.W.3d 169, 171–72 (Mo.App. W.D.1999)). "If reasonable minds could differ on the propriety of the Commission's decision, there has not been an abuse of discretion." *Id.* "We defer to the Commission's findings of fact if supported by the record, and review conclusions of law *de novo.*" *Id.* (citing *Guccione v. Ray's Tree Serv.,* 302 S.W.3d 252, 255–56 (Mo.App. E.D.2010)).

### Analysis

Claimant presents two points on appeal. Claimant's first point is dispositive, rendering discussion of her second point unnecessary.

In her first point on appeal, Claimant argues that the Commission erroneously affirmed the Appeals Tribunal's dismissal of her appeal because the Commission imposed an obligation upon her with respect to her appearance at her telephone hearing that was inconsistent with the Commission's regulations adopted pursuant to the rule-making provisions of the Missouri Administrative Procedures Act (the "APA"). Claimant thus argues that the Commission exceeded its powers and acted unlawfully. We agree.

Chapter 288 of the Missouri Revised Statutes provides that an unemployed worker may file a claim for employment security benefits with the Division. *Weirich v. Div. of Emp't Sec.*, 301 S.W.3d at 572–73. Pursuant to section 288.070.4, a deputy of the Division shall make "a written determination as to whether and in what amount [a] claimant is entitled to benefits." *Id.* at 573. This determination may be appealed to the Appeals Tribunal for a hearing and determination. *Id.* (citing sections 288.030.1(1) and 288.190.1).

■ The conduct of hearings before the Appeals Tribunal is subject to the provisions of section 288.190. *Id.* Section 288.190.2 provides:

The manner in which disputed determinations ... shall be presented and the conduct of hearings *shall be in accordance with regulations prescribed by the division for determining the rights of the parties*, whether or not such regulations conform to common law or statutory rules of evidence and other technical rules of procedure.

(Emphasis added.) Consistent with this obligation, the Division, employing the rule-making provisions of the APA, has adopted regulations for the conduct of hearings before the Appeals Tribunal. The legislature's use of the word "shall" in section 288.190 mandates that hearings before to the Appeals Tribunal must be conducted in accordance with these regulations. *State ex rel. Farley v. Jamison*, 346 S.W.3d 397, 399 (Mo.App. E.D.2011) ("When a statute mandates that something be done by stating that it 'shall' occur ... it is clear that it is mandatory and must be observed.") (citing *SSM Health Care St. Louis v. Schneider*, 229 S.W.3d 279, 281 (Mo.App. E.D.2007)). Thus, the plain and ordinary meaning of section 288.190.2 mandates not only that the Division adopt regulations addressing the conduct of hear-

ings before the Appeals Tribunal, but also that the regulations be followed. This is particularly so in light of the fact that "[a]n administrative agency is a creature of statute and enjoys only the authority delegated to it by the legislature." *King v. Div. of Emp't Sec.*, 964 S.W.2d 832, 835 (Mo.App. W.D.1997) (citation omitted).

In its Brief, the Division concedes that at the time of Claimant's hearing before the Appeals Tribunal (March 4, 2011), section 8 CSR 10–5.010, addressing appeals to an Appeals Tribunal, provided:

Purpose: This rule prescribes procedures where interested parties may appeal determinations made by the Division of Employment Security. *This rule implements section 288.190, RSMo.*

(1) The *provisions of this chapter will apply to any appeal,* petition for reassessment or other type of request for hearing conducted by an appeals tribunal *unless specifically provided otherwise by state or federal law or regulation.*

(2) For purposes of these regulations, the following definitions apply:

. . .

(B) *Appear means* that the participants—

. . .

2. *Provide telephone numbers as instructed on the notice of hearing within the designated time frame and answer at the time of the hearing;*

. . .

(H) Telephone hearing—An appeals hearing in which all participants appear by telephone. . . .

(Emphasis added.)

It is also not contested that at the time of Claimant's telephone hearing before the

Appeals Tribunal, 8 CSR 10–5.040(2)(A) provided that if an "appellant *fails to appear* at a hearing at the scheduled time or location, the appeal shall be dismissed." (Emphasis added.)

The Appeals Tribunal relied upon 8 CSR 10–5.040(2)(A) to dismiss Claimant's appeal due to her "failure to appear" at her telephone hearing. However, the Appeals Tribunal only had the authority to dismiss Claimant's appeal if she failed to appear in the manner defined by 8 CSR 10–5.010(2)(B)2. There is no dispute that Claimant's failure to appear at her telephone conference was not a result of her failure to provide "a telephone number as instructed on the notice of hearing within the designated time frame and answer at the time of the hearing." 8 CSR 10–5.010(2)(B)2. The Notice Claimant received did not instruct her to provide a telephone number where she could be reached at the time of the telephone hearing. Nor did the Appeals Tribunal make any effort to reach the Claimant by telephone at the time of the telephone hearing though the record reflects that it had access to a telephone number as one appeared on Claimant's notice of appeal in at least three places.

Though the Division concedes that the Notice to Claimant did not comply with the Division's regulations, the Division argues in its Brief that the Notice conformed to the practice of the Division, and that an amendment to the regulation defining "appear" was being considered at the time of Claimant's telephone hearing. It is true that an amendment to 8 CSR 10–5.010 was proposed and published in the Missouri Register on May 16, 2011 (two months *after* Claimant's telephone hearing) as follows:

Purpose: *This amendment amends the definition of "appear" in a telephone hearing to conform to the use of a telephone conference bridging system, corrects statutory citations for amended statutes, and inserts necessary punctuation as needed.*

(2) For purposes of these regulations, the following definitions apply:

(B) Appear means that the participants—

. . .

2. *Join the telephone conference as instructed on the notice of hearing at the time of the hearing;* . . .

36 Missouri Register, No. 10, p. 1221 (emphasis added to identify proposed amended language). An Order of Rulemaking was issued on September 1, 2011. 36 Missouri Register, No. 17, p. 2000. The amended regulation took effect on October 30, 2011.

The Division offers no authority for the proposition that it had the authority to impose a duty on Claimant to comply with a regulation that had not yet been proposed or promulgated at the time of her telephone hearing. In contrast, in *St. Louis Christian Home v. Missouri Commission on Human Rights,* 634 S.W.2d 508 (Mo.App. W.D.1982), this court held:

In the required course of rule promulgation, amendment, or rescission, an administrative agency must 'first file with the secretary of state a notice of proposed rulemaking and a subsequent order of rulemaking, both of which shall be published in the Missouri register by the secretary of state. . . .' The neglect to comply with these procedures deprives a regulation of validity.

. . . .

*A proposed regulation still nascent affects neither the parties in interest to an administrative proceeding or the court on judicial review.* The very purpose of the notice procedure for a proposed rule is to allow opportunity for comment by supporters or opponents of

the measure, and so to induce a modification. To neglect the notice (as the record suggests) or *to give effect to a proposed rule before the time for comment has run its course-that is, before final promulgation of the rule-undermines the integrity of the procedure.*

*Id.* at 514–15 (quoting section 536.021) (citation omitted) (emphasis added).

Given the mandatory language of section 288.190.2 which provides that the conduct of hearings before an Appeals Tribunal *"shall* be in accordance with regulations prescribed by the division," the Appeals Tribunal and the Commission possessed no authority to act beyond or contrary to the Division's regulations in force and effect at the time of Claimant's telephone hearing. *King,* 964 S.W.2d at 835. The dismissal of Claimant's appeal in reliance on a definition of "appear" which was inconsistent with the Division's regulations, and which was based on a regulation not yet proposed nor promulgated, exceeded the authority delegated to the Division by the legislature.

In its Brief, the Division complains that Claimant was not prejudiced by enforcement of a regulation defining "appear" that had not yet been proposed or promulgated as the Notice clearly advised Claimant how to participate in her telephone hearing, and as in any event, the record does not reflect that Claimant complied with 8 CSR 10–5.010(2)(B)2 by submitting her phone number to the Appeals Tribunal. We disagree. Clearly the Claimant was prejudiced. Her appeal was dismissed. In any event, the Division misapprehends the issue before us. The issue is whether the Commission had the lawful authority to affirm the Appeals Tribunal's decision to dismiss Claimant's appeal for failure to appear. It did not. The absence of prejudice to a claimant does not bestow authority on an agency to act in excess of its statutory authority.

Claimant's point one is granted. The Division's Motion to Remand is granted.

### Conclusion

The Commission exceeded its statutory authority and thus abused its discretion in refusing to set aside the Appeals Tribunal's dismissal of Claimant's appeal for Claimant's failure to appear. We reverse the order of the Commission and remand this case to the Commission. The Commission shall then enter its order setting aside the Appeals Tribunal's order of dismissal and remanding this case to the Appeals Tribunal for a hearing on the merits of Claimant's appeal.

All concur.