**EARTH CITY SUPPLY LLC, et al., Appellants,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**WD 80254 (Consolidated with WD 80255, WD 80256, WD 80261, WD 80262, and WD 80263)**

Missouri Court of Appeals, Western District.

OPINION FILED: August 15, 2017

G. Michael Flotte, Florissant, MO, Attorney for Appellants.

Ninion S. Riley, Jefferson City, MO, Attorney for Respondent.

Before Division IV: Mark D. Pfeiffer, Chief Judge, and Victor C. Howard and Alok Ahuja, Judges

Mark D. Pfeiffer, Chief Judge

Earth City Supply LLC ("Earth City"), Apex Landscape LLC ("Apex"), and Phoenix Landscape Group LLC ("Phoenix") (collectively, "Appellants") appeal from rulings of the Labor and Industrial Relations Commission ("Commission"), which affirmed the Appeals Tribunal's dismissal of Appellants' appeals for failure to participate in a scheduled hearing. We affirm.

## Factual and Procedural History

The Division of Employment Security ("Division") determined that certain named individuals were employees of Earth City. The Division also determined that Earth City was the successor to the businesses of Apex and Phoenix as provided under section 288.110 of the Missouri Employment Security Law. Additionally, the Division determined that certain named individuals were employees of Earth City at a later period of time. Greg Flerlage, manager of Earth City, requested a hearing regarding the Division's notices of successorship and of liability.

The Division also determined that certain named individuals were employees of Phoenix. The Division determined that Earth City was Phoenix's successor pursuant to section 288.110 of the Missouri Employment Security Law. Christie Flerlage, manager of Phoenix, requested a hearing regarding the Division's notices of liability and of transfer.

The Division further determined that certain named individuals were employees of Apex. The Division determined that Earth City was Apex's successor pursuant to section 288.110 of the Missouri Employment Security Law. Greg Flerlage, as owner of Apex, requested a hearing regarding the Division's notices of liability and of transfer.

The Appeals Tribunal's acknowledgment letters enclosed an informational pamphlet explaining the hearing procedure. The pamphlet instructed the recipient:

**ATTENDANCE**

If you filed the appeal and do not attend the hearing, your appeal will be dismissed and the determination will stay the same. . . .

**HEARING NOTICE**

A hearing notice is mailed to each party at least seven days before the hearing. READ THE NOTICE CAREFULLY for more instructions. A copy of the appeal packet (which will be used as an exhibit in the hearing) will be mailed with the hearing notice. . . .

**PREPARATION**

Start preparing for the hearing NOW by arranging for witnesses and gathering evidence to support your case. . . .

. . . .

**POSTPONEMENTS**

If it is necessary to postpone the hearing, you must contact the referee by phone or fax as soon as possible. Explain in detail why you are asking for a postponement. The Appeals Tribunal will tell the parties if a hearing has been postponed.

. . . .

**ADDITIONAL INFORMATION**

. . . .

If you have questions, contact the Appeals Section at 573-751-3913. More information can be found at www.labor. mo.gov/DES/Appeals.

On August 11, 2016, the Appeals Tribunal mailed each Appellant identical Notices of Hearing:

> You are notified that there will be a hearing at **9:00 a.m.**, on Tuesday, **August 23, 2016** at
>
> 111 North 7ᵗʰ St, Room 402
> Wainwright State Office Building
> Saint Louis MO 63101
>
> before an Appeals Tribunal Charles E. Callier, Referee, presiding.
>
> **Promptness is required.**
>
> **Be prepared to present all pertinent evidence respecting this matter.**

The notice also contained the address, telephone number, and fax number of the Division's Appeals Section. The notice stated: *"**IMPORTANT:** If needed, call 573-751-3913 for assistance in the translation and understanding of the information in this document."* On August 29, 2016, the Appeals Tribunal referee issued orders dismissing the appeals because "appellant did not appear to pursue the appeal."

Greg Flerlage, as president of Apex, Phoenix, and Earth City, timely filed a consolidated application for review with the Commission, asserting that Appellants were "not afforded opportunity to prepare a defense" because they were "given six (6) days to prepare for hearing." In each case, the Commission issued an Order affirming the Appeals Tribunal's Order, stating:

> Appellant's allegations, if true, will not support a finding of good cause for appellant's failure to participate in the scheduled hearing. As such, appellant has not made a prima facie showing that appellant is entitled to relief. No purpose would be served by remanding to determine the truth or falsity of the allegations.

Each of the Appellants appealed to this court pursuant to section 288.210.[1] By this court's orders, the separate appeals were consolidated under case number WD80254.

## Standard of Review

 Article V, section 18 of the Missouri Constitution provides for judicial review of the Commission's decision to determine whether it is "supported by competent and substantial evidence upon the whole record." Section 288.210 further provides that upon appellate review of a decision of the Commission, we may modify, reverse, remand for rehearing, or set aside the decision of the Commission on the following grounds and no other: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was no sufficient competent evidence in the record to warrant the decision. "In reviewing the decision, we determine whether the Commission abused its discretion in refusing to set aside the dismissal for failure to show good cause." *Jackson-Mughal v. Div. of Emp't Sec.*, 359 S.W.3d 97, 100 (Mo. App. W.D. 2011) (internal quotation omitted). "Abuse of discretion is shown where the outcome is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* (internal quotation omitted).

## Analysis

 Appellants assert that the Commission erred when it affirmed the Appeals Tribunal's dismissal of Appellants' appeals for lack of good cause for failing to appear at the scheduled hearing. Specifically, Appellants contend that because they were only given six days to respond to the determinations by obtaining counsel, prepar-

---

1. All statutory citations are to the Revised Statutes of Missouri 2016.

ing for their defense, and appearing at the hearing, they were denied their due process right to a reasonable opportunity to defend.

Section 288.190.3 provides in pertinent part:

> Unless an appeal on a disputed determination or referred claim is withdrawn, an appeals tribunal, after affording the parties reasonable opportunity for fair hearing, shall affirm, modify, or reverse the determination of the deputy, or shall remand the matter to the deputy with directions. In addition, *in any case wherein the appellant, after having been duly notified of the date, time, and place of the hearing, shall fail to appear at such hearing, the appeals tribunal may enter an order dismissing the appeal.*

(Emphasis added.) "[T]he conduct of hearings [before the Appeals Tribunal] shall be in accordance with regulations prescribed by the [D]ivision for determining the rights of the parties...." § 288.190.2. "If the appellant fails to appear at a hearing at the scheduled time or location, the appeal *shall* be dismissed." 8 CSR 10-5.040(2)(A) (10/31/13) (emphasis added). As applicable to this appeal, "appear" means that the appellant must "[a]rrive at the physical location of the hearing at the time and location set forth on the notice of hearing[.]" 8 CSR 10-5.010(2)(B)1 (10/31/13). "An order of dismissal shall recite the essential facts, which establish ... the failure of the appellant to appear at the scheduled time...." 8 CSR 10-5.040(3)(A) (10/31/13).

■ A party may file an application for review of the Appeals Tribunal's decision by the Commission. 8 CSR 10-5.050(5) (10/31/13). "If the Tribunal dismissed the appeal for failure to appear, the [party], in order to be entitled to a new hearing, must show that [its] failure to appear was for good cause." *Guyton v. Div. of Emp't Sec.,* 375 S.W.3d 254, 256 (Mo. App. W.D. 2012). "[G]ood cause shall be those circumstances in which the party acted in good faith and reasonably under all the circumstances[.]" 8 CSR 10-5.010(2)(C) (10/31/13).

In Appellants' consolidated application for review by the Commission of the Tribunal's dismissal of its appeals for failure to appear, Appellants asserted that they were not "afforded an opportunity to prepare a defense," even though their cases had been pending almost eight months (from on or about January 11, 2016, when Appellants filed requests for hearing regarding the Division's determinations, to August 23, 2016, the scheduled date of hearing before the Appeals Tribunal referee). Appellants characterize the "heart" of their appeal as the " 'short notice' given [A]ppellants by the Appeals Tribunal to prepare for the hearing: six (6) days." Division regulations require notices of hearing to be mailed at least seven days prior to the date of the hearing. 8 CSR 10-5.015(5)(A) (10/31/13). The notices are required to "specify the date, time and place or method of hearing and shall set forth the address of the office to which all requests or other correspondence concerning the hearing should be directed." *Id.* Here, the notices of hearing were mailed August 11, 2016, and clearly informed Appellants that a hearing was scheduled for August 23, 2016, where and when the hearing would be conducted, and where to direct correspondence concerning the hearing. Instead of requesting a postponement of the hearing, Appellants simply ignored the notice of hearing and failed to appear.

Furthermore, the issues in controversy, concerning the relationship among the business entities and their relationship with the individuals determined by the Division to be their employees, were stated on the determinations. Although information regarding these issues would have

been available in Appellants' records, if Appellants needed additional information from Division records to properly prepare and present their appeals of employer liability, they could have requested that information during the pendency of the cases. 8 CSR 10-5.015(3) (10/31/13).

Needing additional time to prepare for a hearing, however, is not a justification for failing to appear without first providing notice to, and requesting relief from, the Appeals Tribunal. If Appellants determined that they needed more time to prepare for the hearing, they could have requested a postponement promptly after receiving the notice of hearing. 8 CSR 10-5.015(6)(A)1 (10/31/13).

The Appeals Tribunal afforded Appellants a reasonable opportunity for a fair hearing. Appellants were notified of the date, time, and place of the hearing and were given information regarding the hearing procedure. Although they could have sought postponement of the hearing, they did not do so and, instead, simply failed to appear for the hearing. They cannot now claim they were denied due process. Appellants have not shown good cause for failing to appear at the hearing. Accordingly, the Commission did not abuse its discretion in affirming the Tribunal's orders dismissing the appeals.

Point denied.

### Conclusion

The Commission's rulings are affirmed.

Victor C. Howard and Alok Ahuja, Judges, concur.