

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

| | | |
|---|---|---|
| SHANNON NOONAN, | ) | No. ED110111 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| TROYECO, LLC and | ) | |
| DIVISION OF EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | FILED:  July 19, 2022 |

## OPINION

Shannon Noonan (Claimant) appeals the decision of the Labor and Industrial Relations Commission (the Commission) denying her unemployment benefits because she failed to demonstrate good cause to extend the statutory time limit to file her appeal.  We reverse and remand.

## Factual and Procedural Background

Claimant worked as a key carrier for Troyeco, LLC (Troyeco), a frozen yogurt shop, from August 24, 2019, to March 15, 2020.  On May 18, 2020, Claimant filed a claim for unemployment benefits, which Troyeco protested. A Deputy from the Division of Employment Security (Division) determined that Claimant was disqualified from receiving benefits because she quit her job without good cause connected to the work or employer. The Deputy's

determination was dated and mailed to Claimant on August 3, 2020. The last date by which to file a timely appeal was September 2, 2020. Claimant filed her appeal on October 2, 2020.

Because it appeared from the Division's records that the appeal was not filed within the statutory time period, the appeal was set for hearing to decide the issue of timeliness as well as to consider the merits of the matter. On March 25, 2021, a hearing was held via telephone conference, wherein Claimant and one witness for Troyeco testified. Claimant testified she had no notice of the Deputy's determination until she received an email in October. Claimant testified she received an email about money to her account, which prompted her to go into the system, and that is when she found the determination that she was denied benefits.

On September 1, 2021, the Appeals Tribunal issued its decision, finding that Claimant's appeal was filed on October 2, 2020, after the filing deadline of September 2, 2020; therefore, the appeal was not timely filed. The Appeals Tribunal also found Claimant had the burden to show good cause for filing a late appeal but Claimant failed to do so because she was not checking her correspondence in the online system.

On September 13, 2021, Claimant filed a timely Application for Review with the Commission, which affirmed and adopted the decision of the Appeals Tribunal with one member dissenting. This appeal follows.

<u>Standard of Review</u>

This Court reviews the decision of the Commission in employment security matters pursuant to Section 288.210 RSMo 2000[1]; <u>Earth City Supply LLC v. Division of Employment Sec.</u>, 527 S.W.3d 92, 94 (Mo. App. W.D. 2017). We may modify, reverse, remand for rehearing, or set aside a decision of the Commission only where the Commission acted without or in excess

---

[1] Unless otherwise indicated, all further statutory references are to RSMo 2000 as amended.

of its power, the decision was procured by fraud, the facts found by the Commission do not support the decision, or there was not sufficient competent evidence in the record to support the decision. Id., citing Section 288.210. Our review "is limited to deciding whether the Commission's decision is supported by competent substantial evidence and authorized by law." Ewing v. SSM Health Care, 265 S.W.3d 882, 886 (Mo. App. E.D. 2008) (internal quotations omitted). Viewing the evidence and reasonable inferences in the light most favorable to the Commission's decision, we will affirm the decision if, based upon the entire record, we find the Commission could have reasonably made its findings and reached this result. Id.

Discussion

Approximately two weeks after Claimant filed her brief with this Court, the Division filed a motion to supplement the record on appeal to include numerous records that are material to Claimant's claim but were not in evidence before the Appeals Tribunal or the Commission. Under the authority of Rhodes v. Division of Employment Sec., 27 S.W.3d 851 (Mo. App. E.D. 2000), this Court must not allow the supplementation of the record on appeal. Under Section 288.210, we are prohibited from receiving additional evidence that was not before the Commission. Such a supplementation of the record on appeal would be in contravention of Claimant's right to submit a brief upon a complete record. Therefore, the Division's motion to file a supplemental record on appeal is denied. Further, we remand the case for an additional hearing. This is consistent with the ultimate result in Rhodes, where the court remanded the case in accordance with Section 288.190.2, which "requires that the Appeals Tribunal is to consider as evidence all records of the Division that are material to the issues…." Rhodes, 27 S.W.3d at 852. Here, the documents the Division seeks to submit are certainly material to the issues before

this Court; therefore, we remand this matter for rehearing so the Appeals Tribunal may consider as evidence all records of the Division that are material.

Conclusion

The Commission's decision is reversed and remanded with instructions consistent with this opinion.

_____
SHERRI B. SULLIVAN, P.J.

Lisa P. Page, J., and
Cristian M. Stevens, J., concur.