

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| IRIA HAPSARI KLINE, | ) | No. ED110500 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| v. | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | Filed: February 28, 2023 |

## Introduction

Iria Hapsari Kline appeals two decisions of the Labor and Industrial Relations Commission. The Commission affirmed the two decisions of the Appeals Tribunal of the Missouri Division of Employment Security that dismissed Kline's appeals for being untimely. We affirm.

## Factual and Procedural Background

Kline was discharged from employment as a certified nursing assistant in March of 2020 and received unemployment benefits from April to July of 2020. On August 27, 2020, she submitted information to the Division disputing statements made by her employer regarding details of her discharge. On September 23, 2020, the Division determined that Kline was disqualified from receiving unemployment benefits because she had been discharged for misconduct connected with work. That disqualification determination was not appealed.

On April 30, 2021, the Division mailed Kline two determinations explaining that she had been overpaid unemployment benefits because she was disqualified from receiving them. One determination related to the overpayment of regular unemployment benefits under the Missouri Security Employment Law, and the other determination related to the overpayment of Federal Pandemic Unemployment Compensation under the CARES Act. Both determinations stated that the overpayment was due to "your unintentional error, omission, or lack of knowledge of material fact." They further explained that the Division would collect restitution as authorized by § 288.380 RSMo. The determinations also informed Kline that she had until June 1, 2021, to file an appeal with the Appeals Tribunal.

On October 4, 2021, the Division mailed Kline a demand for repayment of the overpaid benefits. On October 13, 2021, Kline sent a letter to the Division stating that she could not make the repayments requested in the October 4th demand and explaining her position regarding the circumstances of her discharge. The Appeals Tribunal apparently treated this letter as an appeal from the two overpayment determinations. The Appeals Tribunal dismissed Kline's appeals, finding that they were untimely under "the Missouri Employment Security Law provid[ing] that unless the claimant or any interested party within 30 calendar days after the mailing of the deputy's determination files an appeal from such determination, it shall be final." There was no citation to the statutory provision on which the Appeals Tribunal relied.

Kline appealed to the Commission, asking that her untimely appeals be excused. Kline argued that she had assumed all unemployment benefits issues with the Division were resolved when she submitted the information regarding her discharge on August 27, 2020. She said she had no reason to believe the benefits she had been receiving up to that point would be reversed and was focused on applying and preparing for a new job. Once she stopped receiving the benefits,

2

Kline asserted, she did not believe there was any reason to check the Missouri Department of Labor and Industrial Relations online unemployment system, UInteract, nor did she expect to receive any additional emails. It was not until she received the October 4, 2020, letter demanding repayment that she became aware of the "previous correspondence" regarding her unemployment benefits. Kline also noted that she is 67 years old and that, between her salary and her 87-year-old husband's pension they make ends meet, but repaying the overpaid amount would be a severe financial hardship. As to the circumstances of her discharge, Kline set out a number of facts she asked the Commission to consider in her appeal.

The Commission affirmed the Appeal Tribunal's decision. It stated that the Appeals Tribunal dismissed the appeal because it was not filed "within 30 days of the [Division's] determination as required by § 288.070.6 RSMo." It then found that Kline's "allegations, if true, will not support a finding that good cause exists to extend the time for filing the appeal. As such, claimant has not made a prima facie showing that claimant is entitled to relief."

This appeal follows.

## Standard of Review

Section 288.210 RSMo[1] governs appellate review of decisions made by the Labor and Industrial Relations Commission. *See Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003). That section provides:

> Upon appeal no additional evidence shall be heard. The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
> (1) That the commission acted without or in excess of its powers;
> (2) That the decision was procured by fraud;
> (3) That the facts found by the commission do not support the award; or

---

[1] All statutory references are to RSMo 2016.

3

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

§ 288.210. Where, as here, resolution depends solely on the construction and application of a statute or regulation, the case presents only an issue of law that this Court reviews *de novo. See Billings v. Div. of Emp't. Sec.*, 399 S.W.3d 804, 806 (Mo. banc 2013); *see also Liehard v. Total Lock & Security, Inc.*, 2022 WL 17911000 at *4 (Mo. App. E.D. December 27, 2022).

**Discussion**

On appeal, Kline asserts that the Commission abused its discretion in not excusing her untimely appeals of the overpayment determinations for good cause. Kline also asserts that she made a "prima facie" case to the Commission that she was entitled to unemployment benefits. She argues that the Commission should have reversed the Appeals Tribunal's decision and allowed her a hearing on the merits of her contention that the overpayment determinations were in error because she should not have been deemed disqualified from receiving benefits in the first place.[2]

We conclude that the time limit for filing Kline's appeal from the overpayment determinations is found in a regulation, not in the statutory provision regarding appeals from initial determinations on which the Commission relied. Although both the regulation and the statute impose a thirty-day filing deadline, the "good cause" exception does not apply to appeals from overpayment determinations. Thus, while the Commission relied on the wrong provision and an inapplicable exception thereto, it nevertheless was correct in affirming the Appeals Tribunal because Kline's appeal was untimely.

Under § 288.380.13, a person may owe the Division for the overpayment of unemployment benefits if he or she received benefits "by reason of any error or omission or because of a lack of

---

[2] For the first time in her reply brief, Kline asserts that she was "guaranteed" a hearing at the Commission by virtue of language explaining her appeal rights in the Appeals Tribunal order. We will not consider arguments raised for the first time in the reply brief. *See Coyne v. Coyne*, 17 S.W.3d 904, 906 (Mo. App. E.D. 2000).

4

knowledge of material fact on the part of the [D]ivision" or "while such person was disqualified from receiving benefits." This is the section under which Kline was determined to have been overpaid. The statute itself does not provide for the manner or timing of appeals from non-fraudulent overpayment determinations like Kline's. *But see* § 288.380.9(2) (regarding appeals from "determinations of overpayment by fraud").[3] Consistent with its statutory mandate in § 288.190.2—that the presentation and conduct of appeals to the Appeals Tribunal "shall be in accordance with regulations"—the Division promulgated a regulation to govern the time for filing appeals from non-fraudulent overpayment determinations. Under 8 C.S.R. 10-5.010(5)(c), an appeal from a non-fraudulent benefit overpayment determination under § 288.380.13 must be filed within "thirty [] days of the date the determination or redetermination was delivered in person or mailed to the appellant's last known address." Given the legislature's use of the word "shall" in § 288.190.2, this regulation must be followed. *Jackson-Mughal v. Div. of Emp't Sec.*, 359 S.W.3d 97, 101 (Mo. App. W.D. 2011). Here, the non-fraudulent benefit overpayment determinations were mailed to Kline on April 30, 2021, and she had until June 01, 2021,[4] to file appeals challenging those determinations. Her appeal filed on October 13, 2021, was untimely.

Kline argues that her late filing can be excused through a showing of good cause. Good cause may extend the thirty-day time period set out in § 288.070.6 for filing an appeal from an initial claim determination. *See* § 288.070.10. But the "good cause" exception in § 288.070.10 cannot be used to excuse the untimeliness of an appeal from an overpayment determination under § 288.380. *Ireland v. Div. of Emp't Sec.*, 390 S.W.3d 895, 900 n.4 (Mo. App. W.D. 2013). There is nothing in the language of §§ 288.380, 288.190, or 8 C.S.R. 10-5.010(5)(c) that permits application of the "good cause" exception in this case.

---

[3] The Division's reliance in its brief on the time limits set out in § 288.380.9(2) is misplaced.
[4] The thirtieth day was May 30, 2021, which was a Sunday and was not counted. *See* 8 C.S.R. 10-5.010(5)(H).

When the Commission affirmed the decision of the Appeals Tribunal, it referenced the thirty-day period for filing appeals "as required by 288.070.6 RSMo."[5] This was a mistake. As was the Commission's consideration of whether Kline's allegations constituted good cause for extending that time period. Nevertheless, a thirty-day time limit applied to this case pursuant to 8 C.S.R. 10-5.010(5)(c). Therefore, the Commission was correct to affirm the Appeals Tribunal's dismissal of Kline's appeals as untimely, although it cited the wrong authority to do so and unnecessarily engaged in a good cause evaluation. This Court can affirm a correct Commission decision even if it has given a wrong reason for its ruling. *Cotton v. Flik Intern. Corp.*, 213 S.W.3d 189, 193 (Mo. App. E.D. 2007).

Because we agree with the Commission that the appeal to the Appeals Tribunal was untimely and properly dismissed on that ground, we do not reach Kline's arguments regarding whether the Commission should have reconsidered the merits of the overpayment determinations.

## Conclusion

For the foregoing reasons, the decision of the Commission is affirmed.

John P. Torbitzky, J.

Gary M. Gaertner, Jr., P.J., and
Cristian M. Stevens, J., concur.

---

[5] Though not cited to as such, the Appeals Tribunal appears to have been referring to § 288.070.6 when it set out the time limit for filing in its dismissal decision.