

# In the Missouri Court of Appeals
## Eastern District

**DIVISION FIVE**

| | | |
|---|---|---|
| CHRISTINE M. KOHLBERG, | ) | No. ED111989 |
| | ) | |
| Respondent, | ) | Appeal from the Labor and Industrial |
| | ) | Relations Committee |
| vs. | ) | Appeal No. 2256123 |
| | ) | |
| BIG BEND ORTHODONTICS, LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| Respondent. | ) | FILED: June 11, 2024 |

Opinion

This unemployment benefits case arose in December 2022 after a disagreement between

Big Bend Orthodontics, LLC (Employer) and Christine M. Kohlberg (Kohlberg) resulted in the

demise of the parties' employer/employee relationship. Employer appeals the decision of the

Labor and Industrial Relations Commission (Commission) awarding Kohlberg unemployment

benefits. In its sole point on appeal, Employer argues the Commission erred in awarding

Kohlberg unemployment benefits because Employer showed good cause for a rehearing after

failing to appear at the Appeals Tribunal hearing. Because the Division of Employment Security

(Division) provided proper notice to the Employer of the hearing, Employer's failure to act on

the notice was not good cause for its failure to appear. Thus, the Commission did not abuse its discretion and, we affirm the Commission's decision.

Background

Kohlberg worked for Employer as an orthodontic assistant from September 1, 2019 until December 19, 2022. Kohlberg filed for unemployment benefits, and Employer protested her claim. A Deputy of the Division initially found Kohlberg was disqualified from receiving benefits. The Deputy's findings were that Kohlberg had been discharged for misconduct in connection with her leaving work early without prior approval in violation of company policy.

Kohlberg appealed from the Deputy's decision, asserting that the Employer's account of her separation from work was false. On April 26, 2023, the Division mailed a Notice of Telephone Hearing to the parties informing them that the Appeals Tribunal hearing would be held on May 16, 2023. The record contains the address cover sheet with Employer's address and the Notice of Telephone Hearing. Employer retained Counsel on April 28, 2023. Counsel for Employer entered his appearance on May 9, 2023. Neither Employer nor its Counsel attended the hearing or otherwise provided evidence regarding Kohlberg's separation from employment.

At the hearing, Kohlberg testified that she did not walk off the job in violation of company policy, but instead she arrived late to work on December 19, 2022, and Employer became angry with her during lunch and asked her to leave the premises, yelling at her to "get the [expletive] out." Employer later requested via text message that Kohlberg return her work keys. The Appeals Tribunal determined that Employer did not meet its burden to prove Kohlberg was discharged for misconduct connected with work. Subsequently, the Appeals Tribunal issued a decision in Kohlberg's favor, and the Employer filed an application for review with the Commission.

The Commission affirmed the decision of the Appeals Tribunal. The Commission noted that if an employer alleges good cause for missing an Appeals Tribunal hearing, the Division will remand the matter for the employer to adduce evidence of good cause, after which the Division may grant a rehearing. In this case, the Commission found the Employer failed to allege good cause for its nonappearance at the hearing. This appeal follows.

Standard of Review

We review the Commission's decision pursuant to § 288.210[1] and article V, § 18 of the Missouri Constitution. *Marx v. Div. of Emp. Sec.*, 666 S.W.3d 252, 255 (Mo. App. E.D. 2023) (internal citations omitted).

> The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
> (1) That the commission acted without or in excess of its powers;
> (2) That the decision was procured by fraud;
> (3) That the facts found by the commission do not support the award; or
> (4) That there was no sufficient competent evidence in the record to warrant the making of the award.

§ 288.210; *see also Marx*, 666 S.W.3d at 255–56. In reviewing a claim that the Commission erred in applying the standard for good cause, we assess whether the Commission abused its discretion. *Earth City Supply LLC v. Div. of Emp. Sec.*, 527 S.W.3d 92, 94 (Mo. App. W.D. 2017) (internal citation omitted). We will find the Commission abused its discretion only "where the outcome is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* (internal quotation omitted).

Discussion

Employer's sole point on appeal argues it alleged good cause for not participating in the Appeals Tribunal hearing sufficient to warrant remand for a rehearing. Employer contends that

---

[1] All Section references are to RSMo (2016).

3

its Counsel's failure to receive notice of the hearing date constitutes good cause. We find the Commission did not abuse its discretion in denying Employer's appeal, as Employer's failure to act on the notice of hearing it was sent was not good cause for its failure to appear.

In processing claims for unemployment benefits, the Division must provide the parties a reasonable opportunity for a fair hearing, which "requires reasonable and substantial compliance with principles of due process of law" such as notice. *Brawley & Flowers, Inc. v. Gunter*, 934 S.W.2d 557, 560 (Mo. App. S.D. 1996) (internal citation omitted). If a party determines it needs more time to prepare for the hearing, the party may timely request a postponement of the hearing. 8 C.S.R. 10-5.015(6)(A)(1);[2] *Earth City Supply*, 527 S.W.3d at 96 (internal citation omitted). For parties who did not participate in the Appeals Tribunal hearing and seek a rehearing for good cause, "good cause shall be those circumstances in which the party acted in good faith and reasonably under all the circumstances[.]" 8 C.S.R. 10-5.010(2)(C). "Failure to read the notice of hearing correctly is not reasonable under the circumstances and does not constitute good cause for failure to appear at the hearing." *Guyton v. Div. of Emp. Sec.*, 375 S.W.3d 254, 256 (Mo. App. W.D. 2012) (internal citation omitted).

In *Brawley & Flowers*, the employee and the employer disputed whether the employee voluntarily quit or was discharged. 934 S.W.2d at 559. The Deputy determined the employee was disqualified from receiving unemployment benefits because he left work voluntarily, and the employee appealed. *Id.* The Division mailed the parties a notice of the Appeals Tribunal telephone hearing. *Id.* The employee attended the hearing, and the employer did not attend. *Id.* at 560. After the hearing, the Appeals Tribunal reversed the Deputy's determination based on the employee's testimony, finding the employee had not left work voluntarily. *Id.* The employer

---

[2] All C.S.R. references are to the Mo. Code. Of State Regs., tit. 8, § 10 (June 30, 2018).

4

then filed an application for review with the Commission, which the Commission denied. *Id.* *Brawley & Flowers* affirmed the Commission's denial because the employer failed to follow the clearly stated directions in the mailed notice that would have enabled it to present evidence and otherwise defend against employee's benefits claim. *Id.* at 560–61. *Brawley & Flowers* concluded the employer was not deprived of due process in that the mailed notice meant the employer was not in a position to say it was denied a reasonable opportunity for a fair hearing. *Id.*

The facts here are analogous to those in *Brawley & Flowers*. *See id.* As in that case, Kohlberg and Employer disputed whether Kohlberg voluntarily quit or was discharged. The Deputy determined Kohlberg was disqualified from receiving unemployment benefits because she left work voluntarily, and Kohlberg appealed. The Division mailed Employer a Notice of Telephone Hearing on April 26, 2023, notifying it that Kohlberg's appeal from the Deputy's determination would be heard by means of a telephone conference on May 16, 2023. Employer did not request a postponement of the hearing and did not call into the hearing. Based on Kohlberg's testimony at the hearing, the Appeals Tribunal reversed the Deputy's determination and found Kohlberg eligible for unemployment benefits.

In response to the Employer's application for review, the Commission found Employer failed to allege good cause for not participating in the hearing. On appeal, Employer does not argue that the Division failed to notify or insufficiently notified the Employer of the hearing. Indeed, that argument would fail on the same grounds as *Brawley & Flowers*, because the record shows the Division mailed Employer a Notice of Telephone Hearing to be held on May 16, 2023. *See id.* Instead, Employer argues Counsel failed to receive notice of the hearing. Employer complains that Counsel received no notice of the Appeals Tribunal hearing after entering his

5

appearance on May 9, 2023, and requesting via fax that the Appeals Tribunal forward all relevant information to him. However, Employer identifies no obligation of the Division to do more than send the required Notice of Telephone Hearing, which it mailed to the parties, including Employer, on April 26, 2023, *prior to Counsel's entry.*

Missouri courts have held the Division meets it burden by notifying the parties of record of the hearing, and that a party's failure to read and act on that notice of hearing does not constitute good cause. *Guyton*, 375 S.W.3d at 256 (internal citation omitted). Therefore, we find the Commission did not abuse its discretion in finding Employer failed to allege good cause for a rehearing. *See Earth City Supply*, 527 S.W.3d at 94 (internal citation omitted). The point is denied.

Conclusion

The judgment of the Commission is affirmed.

_Rebeca Navarro-McKelvey_

Rebeca Navarro-McKelvey, J.

Thomas C. Clark, II., C.J., and
Ellen Ribaudo, Sp. J., concur.